THE FORT WAYNE, JACKSON, AND SAGINAW RAILROAD Co. v. McDONALD.

CONTRACT.—*Pleading.*—A complaint in the general form for work and labor done is not demurrable because it sets out the manner of the employment and the character of the work done with unnecessary particularity, when the facts stated do not show a special contract, or increase the liability of the defendant beyond such general employment.

ASSIGNMENT OF ERRORS.—To enable the Supreme Court to review questions of evidence, the overruling of a motion for a new trial must be assigned as error.

From the Allen Common Pleas.

*J. Morris* and *W. H. Withers*, for appellant.

*S. E. Sinclair*, *W. G. Colerick*, and *H. Colerick*, for appellee.

BIDDLE, J.—Suit by the appellee against the appellant. The complaint contains two paragraphs. The first paragraph is for work done on the appellant's line of railroad, specially stated; the second paragraph is for work done, money paid, and money had generally.

Separate demurrers to each count were filed and overruled, and exceptions taken. Answer:

1. General denial.
2. Payment.
3. Payment by a third person.
4. That the liability to the appellee, if any, was not due

from the appellant alone, but from appellant and one Thomas Groce.

Replies in denial to the second and third paragraphs of answer, and demurrer to the third paragraph, which was sustained by the court, and exceptions taken. A trial by jury was waived, and the cause submitted to the court.

The appellant requested the court to state in writing, first, the finding of facts, and then the conclusions of law upon them, which was done as follows:

" 1. The court finds from the evidence that the defendant, by their agent, H. H. Smith, president of said company, employed the plaintiff to do the work mentioned in the complaint, and to use the means necessary to push the said work through to an early completion.

" 2. The court further finds that the plaintiff entered upon the prosecution of said work under such employment, and worked and labored in the prosecution of the same forty-five days, and that his work was worth, as charged in his bill of particulars, four dollars per day.

" 3. That the team of said plaintiff worked in the prosecution of said work forty-four and a half days, and was worth four dollars per day.

" 4. That plaintiff expended in the prosecution of said work, and incurred personal liabilities on the same, at the instance of said agent of the defendant, to the amount of three hundred and fifty-eight dollars and thirty-eight cents.

" 5. The court further finds that the plaintiff received on account of said work, for which the defendant is entitled to credit, the sum of eighty-five dollars.

" 6. The court further finds that the law arising upon the facts so found by the court entitles the plaintiff to recover of and from the defendant the sum of six hundred and fifty-eight dollars and thirty-eight cents.

" 7. The court finds for the plaintiff, and assesses his damages in the sum of six hundred and fifty-eight dollars and thirty-eight cents."

The appellant excepted to the conclusion of the law as stated by the court.

Causes were filed, and a motion for a new trial made, which was overruled, and exception taken. Judgment on the findings, and appeal to this court.

The errors assigned, stated in brief, are as follows :

1. Overruling demurrer to first paragraph of complaint.

2. Overruling demurrer to second paragraph of complaint.

3. In finding the appellant liable for appellee's expenses, etc.

4. Suppressing parts of a certain deposition.

5. Refusing to find the facts and the law separately.

6. Finding facts not in the issues.

7. Error in conclusions of law.

8. Rendering judgment for the appellee and against the appellant.

There was no error in overruling the demurrer to the first paragraph of the complaint. It is good for work done. There are some allegations in it showing how the appellee came to be engaged to do the work, and averring that the earth under one of the fills sank down, and setting forth interruptions by the appellant, whereby the work was embarrassed ; but as these do not show a special contract or increase the liability, they may be treated as surplusage.

The appellant abandons the demurrer to the second paragraph of complaint, and very properly.

We see no objection to the fourth finding, as numbered above. The amounts expended and liabilities incurred by the appellee, when done at the instance of the appellant by her agent, fall within the claim made by the complaint.

The fourth assignment of error raises no question before us. To enable us to review questions of evidence, the overruling of the motion for a new trial should have been assigned as error. This has not been done.

It does not appear to us that the fifth assignment of error exists in fact. We think the court did find the law and facts

separately, as shown by the findings and the statement of the law arising thereon.

Nor does it appear to us that the court found any facts outside of the issues formed by the pleadings, as alleged in the sixth assignment.

There is no error in the seventh assignment. We are not aware of any law that could arise on the findings of the facts by the court, except that which declares the liability of the appellant.

There is nothing whatever in the eighth assignment of errors. No other judgment was applicable, under the law, to the findings, than the judgment the court rendered.

There is no error in the record.

The judgment is affirmed, with five per cent. damages.