No. 12,635.

## THE TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY *v.* BROWN.

RAILROAD.—*Injured Employee.*—*Power of Conductor to Employ a Surgeon.*— *Principal and Agent.*—A railroad conductor, in a pressing emergency, may employ a surgeon to attend a brakeman who is injured while on duty, and, in a proper case, bind the company for the professional services so rendered; but he can not authorize the surgeon to employ, at the expense of the company, such assistants as he may deem necessary.

From the Clinton Circuit Court.

*J. G. Williams*, for appellant.

*J. Claybaugh* and *G. Sexson*, for appellee.

MITCHELL, J.—The evidence in this case developed the following facts : On the night of July 2d, 1881, a brakeman employed upon one of the appellant's freight trains, in attempting to step from the engine, slipped, and one of his feet, coming under the wheels, was crushed. The conductor in charge of the train found the station agent, and a Dr. J. S. McMurray, with whose assistance he removed the injured brakeman to a hotel, where he left him in charge of the agent and doctor. There is some conflict in the evidence at this point, but as against the appellant it may now be assumed that Dr. McMurray said to the conductor, after making a cursory examination of the wounded foot, that he would need assistance in dressing it, and that the conductor replied : " I have not time to attend to this matter at all; you secure what assistance is necessary to do this man good work, and do it, and the railroad company will pay you and your assistants for it, whatever is necessary—whatever it is worth."

After the conductor departed, Dr. McMurray sent for Dr. Brown, who, without any other employment, assisted in performing a surgical operation on the brakeman's foot. They were occupied about three hours, and were assisted by a medical student, who administered chloroform while the surgeons amputated several of the toes, and otherwise properly dressed

the injured member. The brakeman was on the same morn-ing taken to his home at Logansport, and received no further attention from either of the doctors who operated upon him. After some months Dr. McMurray presented a bill to the railroad company, in which he claimed $50 for his services, $25 for the services of Dr. Brown, and $5 for the use of the room, at the hotel in which the operation was performed.

Subsequently, Dr. McMurray brought suit against the ap-pellant and recovered a judgment for $100. Upon appeal to this court the judgment was affirmed. _Terre Haute, etc., R. R. Co._ v. _McMurray_, 98 Ind. 358 (49 Am. R. 752).

After the judgment in favor of Dr. McMurray was affirmed, Dr. Brown brought this suit, and upon the facts, the substance of which we have stated, had a judgment for $100 against the appellant. .

The question is, can the judgment be maintained upon the facts stated? That it can not, is, in the view we take of the case, too clear for debate.

If it be conceded that such an overwhelming emergency might arise as would create a necessity for immediate action in order to save life, or prevent great bodily suffering, and that under such circumstances a state of affairs might exist, in the presence of which one employee would have the im-plied power to bind the employer, in his absence, for necessary medical or surgical aid bestowed on another employee who sustained an injury, it by no means follows that the appellee was entitled to recover upon the facts in this case. If the emergency was such that we must assume that an imperious necessity existed, under which the conductor, from consider-ations of humanity, had authority to employ Dr. McMurray, at the expense of the company, we can not indulge the further presumption that it was necessary that he should have the power to authorize Dr. McMurray to employ other surgeons at the company's expense. Whatever authority the conductor had in that connection arose out of an implied agency, under

which, owing to the peculiar circumstances under which he was placed, he might bind his principal by employing necessary surgical aid for the injured brakeman. No rule in the law of agency is better settled than that where an agent has authority to do a particular thing, he must do it himself. He can not, unless specially authorized, or in pursuance of some usage, delegate his authority to another. *Lyon* v. *Jerome*, 26 Wend. 485; Story Agency, section 13.

Assuming that the conductor, under the circumstances disclosed, had adequate authority to secure necessary surgical aid to attend the injured brakeman at the company's expense, it can not be assumed that he had authority to employ one surgeon and authorize him to employ, at the company's expense, as many more as he should think necessary. If the surgeon first employed found it necessary or convenient to call in other assistants, in order to accomplish that which he had been employed to do, in the absence of other employment than such as appears in this case, the assistants must look to him for compensation. This is according to the well settled rule that if an agent employs a sub-agent to do the whole or any part of that which he was employed to do, without the knowledge or consent of his principal, inasmuch as there is no privity between the principal and the sub-agent, the latter will not be entitled to claim compensation from the principal. *Pownall* v. *Bair*, 78 Pa. St. 403; *Barnard* v. *Coffin*, 6 N. E. Rep. 364; *Perry* v. *Jones*, 18 Kan. 552; *Robbins* v. *Fennell*, 11 Q. B. 248; 13 Cent. L. J. 24, 27; *United States* v. *Driscoll*, 96 U. S. 421.

There is no pretence that Dr. Brown was employed by the conductor. The claim is that the conductor authorized Dr. McMurray to employ, at the railway company's expense, such assistants as might seem to him necessary.

Conceding, for the purpose of the case, that Dr. McMurray was employed by competent authority, the utmost that could properly have been claimed was, that he should have

been reimbursed for any necessary outlay in procuring assistants and other things necessary to accomplish that which he was employed to do. *Board, etc.*, v. *Brewington*, 74 Ind. 7.

We have no purpose to enter upon an examination of the general subject discussed in the briefs. These questions have been exhaustively considered in the recent cases of *Louisville, etc., R. W. Co.* v. *McVay*, 98 Ind. 391 (49 Am. R. 770), and *Terre Haute, etc., R. R. Co.* v. *McMurray*, 98 Ind. 358.

It is sufficient to say that railroads are under precisely the same obligation in respect to procuring medical and surgical aid for their employees as other employers under like circumstances, and the authority of a railroad employee is not different in that respect from the authority of one employed by any other corporation or person when placed in a like situation.

We may say there is nothing disclosed in this record, except that the person injured was a brakeman in the service of the railway company, and that upon his being injured in the manner described, the conductor employed Dr. McMurray and told him to secure all necessary assistance to take care of the injured man. When inquired of by the surgeon as to whom he should look for pay, the conductor replied, that the railroad company would pay the bills.

Because the brakeman was injured and was in the employ of the railroad company, did not of itself confer authority upon the conductor to create an obligation against the company for surgical attendance. So far as appears the brakeman may have been abundantly able, with the money in his pocket, to employ, at once, all necessary surgical attendance. Both the conductor and surgeon may have known of his ability to procure and pay for all needed assistance, and the surgeon may have been entirely willing to treat him on his own credit or responsibility.

The evidence failed in this case to show any such emergency as authorized the conductor to bind the company. It also

failed to show that Dr. Brown was employed by any one having competent authority to that end.

The judgment is reversed, with costs.

