The Louisville, New Albany and Chicago Railway Co. *v.* Smith *et al.*

No. 13,867.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* SMITH ET AL.

RAILROAD.—*Injury to Employee.*—*Authority of Conductor to Employ Surgeon.* —*Additional Surgeons.*—A conductor has authority, when one of the brakemen on his train is injured, to employ a competent surgeon to attend the injured man, and the railroad company will be bound thereby. He has no authority, however, to employ additional surgeons, and if he does so, the railroad company can not be made to pay for their services.

SAME.—*Employment of Surgical Aid by Brakeman.*—*Ratification by Conductor.* —It is immaterial whether the surgeon who first attended the injured man was called by a brakeman or by the conductor in person; for if he was called by the direction, express or implied, of the conductor, or if the conductor confirmed what had been done, he could not subsequently employ another surgeon.

SAME.—*Principal and Agent.*—*Limit of Conductor's Authority.*—*Second Surgeon Chargeable with Knowledge of.*—The surgeon who came last was bound to know that when the agent, who possessed limited special authority, had procured the services of a competent surgeon, his authority was exhausted, and if, with this knowledge, he continued to give the injured man attention, he could not compel the agent's principal to compensate him for such services.

From the Owen Circuit Court.

*G. W. Friedley,* for appellant.

*E. C. Steele, S. O. Pickens* and *N. A. Pickens,* for appellees.

ELLIOTT, C. J.—Jesse Vawter was in the service of the appellant, in the capacity of a brakeman on one of its freight trains, and on the morning of June 11th, 1885, while engaged in the discharge of the duties of his service, at Stinesville, his leg was broken. Dr. Judah, a competent and skilful surgeon, of Stinesville, was called to treat the injured man. He set, dressed, and bandaged the broken limb, and gave the unfortunate man such treatment as his injury re-

quired. After the broken limb had been set and bandaged the conductor caused the appellees, who lived at Gosport, to be summoned by telegraph, and one of them obeyed the summons and treated the patient in conjunction with Dr. Judah.

The appellant had fully discharged its duty to its injured brakeman when it procured the services of a competent surgeon. The conductor had no authority to employ other surgeons, for his authority was special, not general, and it did not extend beyond the duty created by the emergency which required him to act. With that duty his authority arose, and with it terminated. He had authority to do what the emergency demanded, in order to preserve his injured fellow-employee from serious harm, but he had no authority to do more. When the company had procured the services of a competent surgeon it did all that it was morally or legally bound to do, and the conductor could not impose upon it any greater obligation. We hold that the conductor did have authority to at once employ the surgical aid demanded by the urgency of the occasion; but we hold, also, that his authority did not extend beyond this limit. *Terre Haute, etc., R. R. Co.* v. *McMurray,* 98 Ind. 358; *Terre Haute, etc., R. R. Co.* v. *Brown,* 107 Ind. 336 ; *Terre Haute, etc., R. R. Co.* v. *Stockwell,*118 Ind. 98.

In the case of *Terre Haute, etc., R. R. Co.* v. *Brown, supra,* the distinction is drawn between cases where the conductor may bind the company, and cases where he may not; and this case belongs to the latter class. The authority of the conductor was exhausted when a competent surgeon was procured, and he could not, as the agent of the company, employ additional surgeons. If the urgency of the case demanded additional surgical aid, the surgeon called might possibly be justified in summoning it; but, as held in *Terre Haute, etc., R. R. Co.* v. *Brown, supra,* if additional assistance is required, the surgeon first called must include the expense in his charges.

It is immaterial whether Dr. Judah was called by a brakeman or by the conductor in person ; for, if he was called by

the direction, express or implied, of the conductor, or if the conductor confirmed what had been done, he could not subsequently employ another surgeon.

It is possible that Dr. Smith may be entitled to compensation for one visit, that made in obedience to the telegram, for it may be that he had a right to act upon it at once, but when he found the injured man attended by a competent surgeon he had no right to continue to give the case attention, and charge the company. He was bound to know that when the agent, who possessed limited special authority, had procured the services of a competent surgeon his authority was exhausted, and if, with this knowledge, he continued to give the injured man attention, he did it at the expense of some other person than the agent's principal.

Judgment reversed.

Filed Nov. 5, 1889; petition for a rehearing overruled Jan. 8, 1890.