Filed Oct. 31,1890.

No. 14,548.

## The Cincinnati, Indianapolis, St. Louis and Chicago Railway Company v. Davis.

Railroad.—*Superintendent.*—*Authority of to Employ Surgeon.*—*Evidence.*— In an action by a physician against a railroad company to recover the value of professional services rendered at the request of a conductor of the company, on the authority of the general superintendent, to a person injured by one of its trains, evidence that the company had in its employment a chief physician and surgeon, whose duty it was to employ surgeons to give attention to persons injured by its trains, is inadmissible.

Same.—A general superintendent has authority to employ surgeons to give attention to persons injured by the trains of the company he represents; and a surgeon employed by that officer is not bound to institute an inquiry for the purpose of determining whether the injured man was hurt under such circumstances as rendered the company liable.

From the Decatur Circuit Court.

*J. K. Ewing* and *C. Ewing,* for appellant.

*J. S. Scobey,* for appellee.

Elliott, J.—The appellee, at the time he was employed to render the professional services which he seeks to recover the value of in this action, was a physician and surgeon, in regular practice at Morris, in this State. He was employed directly by one of the appellant's conductors, by whom he was informed that a telegram had been received from the appellant's general superintendent authorizing his employ-

ment, to give professional attention to a man who had been injured by one of the appellant's trains. The telegram of the superintendent was addressed to the conductor, and reads thus : " Stop at Morris and see if you can get Dr. Davis to go to Newpoint to attend to a man that got hurt there this P. M. If you can get him carry him to Newpoint." Under this employment the services for which compensation is sought were rendered by the appellee.

The appellant offered to prove that it had in its employ-ment a chief physician and surgeon, whose duty it was to employ surgeons to give professional attention to persons in-jured by its trains, but the evidence was excluded. There was no error in excluding this evidence. It was immaterial whether the appellant had, or had not, a chief surgeon in its service charged with the duty of employing subordinate surgeons, for there is no pretence that the appellee had no-tice of that fact. He was not bound to look beyond the general superintendent as the source of authority warranting his employment. It is quite well settled that a general su-perintendent has authority to employ surgeons to give atten-tion to persons injured by the trains of the company he rep-resents. And it is rightly so held, for it would be unreason-able to require a surgeon to give professional assistance to a person injured by the company's trains and then deny him compensation, upon the ground that the superintendent had no authority to employ him, because that authority was lodged in a chief surgeon. Nor are we willing to sanction a rule imposing upon the surgeon whose services are requested by the superintendent, the duty of making specific inquiry as to the scope of the superintendent's authority. Such a rule would operate harshly in many cases, for, if the surgeon must stop to make inquiries before leaving his home or office, the injured man might perish. Better railroad companies should be held responsible for the acts of such a high officer as a general superintendent, although as between him and his principal that officer may usurp authority that is vested

MAY TERM, 1890.    101

The Cincinnati, Indianapolis, St. Louis and Chicago Railway Co. v. Davis.

in a subordinate agent, than that a surgeon who obeys the summons of the superintendent should be compelled to go unpaid. It is the company that selects the superintendent, places him in a position of power and invests him with ostensible authority, and if he betrays his trust the principal, by whom he was put in a position of that character, should bear the loss, and not the surgeon who in good faith acts upon the appearances created by the company. It is a familiar rule that instructions to a general agent do not bind one who deals with the agent in ignorance of such instructions, and acts upon the apparent authority with which the principal has clothed his representative, and there is no conceivable reason why the rule should not apply in all its force to such a case as this. But the question of the authority of a general superintendent to employ a surgeon is settled by the adjudged cases, and requires no extended discussion. *Louisville, etc., R. W. Co.* v. *Smith*, 121 Ind. 353; *Terre Haute, etc., R. R. Co.* v. *Stockwell*, 118 Ind. 98; *Terre Haute, etc., R. R. Co.* v. *Brown*, 107 Ind. 336; *Terre Haute, etc., R. R. Co.* v. *McMurray*, 98 Ind. 358; *Louisville, etc., R. W. Co.* v. *McVay*, 98 Ind. 391. The principle which rules our later decisions was declared in the early case of *New Albany, etc., R. R. Co.* v. *Haskell*, 11 Ind. 301, and these cases do no more than extend a settled principle to new instances. The principle declared by these decisions is that an officer of such a high rank as general superintendent is presumed to possess authority to employ surgeons and nurses to render service to persons injured by the trains of the company.

Having adjudged that the appellant's general superintendent has authority to employ a surgeon to minister to a person injured by its trains, we have effectually disposed of the case, and little more need be said, for, if he had such authority, the surgeon employed by that officer was not bound to institute an inquiry for the purpose of determining whether the injured man was hurt under such circumstances as rendered the company liable. It was enough for the surgeon

to know that he was employed by a superior officer of general and extensive authority, without inquiring whether the company was bound to respond in damages to the injured man.

Judgment affirmed.

Filed Nov. 19, 1890.