The Evansville and Richmond Railroad Company *v*. Freeland.

Filed March 18, 1892.

———————◆———————

No. 402.

THE EVANSVILLE AND RICHMOND RAILROAD COMPANY *v*.
FREELAND.

RAILROAD.—*Injured Employee.—Employment of Physician by Conductor.—Liability of Company.*—Where there was an accident on the defendant company's road, and an imperious necessity for the preservation of life, and to prevent great bodily suffering the conductor of the train which ran off the track—the highest agent of the company on the ground—employed a physician with the concurrence of the local surgeon of the company to attend to one of the injured persons, an employee of the company, and it was agreed by the said physician and the local surgeon that an amputation was necessary, which operation was performed by said physician, the local surgeon being unable by reason of the extraordinary service devolved upon him by the injury of so many persons to give the immediate aid and attention to said employee required by the emergency and necessity growing out of the accident, the railroad company was bound by the employment of said physician, and liable for the payment of his professional services in performing said operation. The company would not be liable, however, for any services rendered by said physician after the emergency had ceased.

From the Lawrence Circuit Court.

*M. F. Dunn* and *G. G. Dunn*, for appellant.
*J. E. Boruff* and *J. Giles*, for appellee.

ROBINSON, C. J.—The appellee commenced this action against the appellant to recover for professional services rendered by the appellee as a physician for the appellant at its special instance and request and for professional services rendered by the appellee as a physician for the use and benefit of the appellant, and with its knowledge and consent.

After the formation of the issues, the cause was submitted to the court for trial. At the request of the appellant the court made a special finding of facts and stated its conclusion of law thereon. As a conclusion of law from the facts found the finding was for the appellee, and the court, over proper exceptions by the appellant, rendered judgment thereon in favor of the appellee.

Several errors are assigned by the appellant, but all are waived in argument except the sixth, being the alleged error of the court in its conclusions of law on the special finding of facts.

The material facts found were that on the 2d day of October, 1889, the appellant was running and using a train of cars on its road, known as a construction train, loaded with railroad ties; that Charles Maddox, with about twenty other persons, while in appellant's employment and in the line of their duty, were riding on a car on said construction train, so loaded with railroad ties, the car they were so riding on was thrown from the track, and said Maddox received severe injuries on his body and legs, and eighteen or twenty of said other employees received severe bodily injuries, one had his jaw dislocated, some others had wrists put out of place, another had a shoulder dislocated, and others received bruises and cuts on their bodies and heads, and some received internal injuries; said wreck occurred some 18 miles from the city of Bedford, Ind., to which place all of said injured persons were taken and distributed to different points in said city, some to the hotels, and some to their residences, all needing immediate medical attention, some but little and some required careful and skilful treatment; one of said persons

died from his injuries, and said Charles Maddox became so injured in his right leg that it became necessary to amputate said leg above the knee; that appellant had a local surgeon at Bedford, and had no other surgeon at said time and place; that said local surgeon could not render the assistance and surgical aid necessary to the proper care of said men so hurt and injured in said wreck; that on the day of the accident, after said Charles Maddox had been taken to Bedford, and before he had received the attention of a physician or surgeon, the conductor of said construction train directed the appellee to attend to said Maddox, and, after the amputation of his leg, the superintendent of the construction of said railroad directed the appellee to continue to treat said Maddox, promising that he would see that appellant paid him therefor; that said Charles Maddox was taken to the residence of his brother in said city of Bedford, and while there it is shown by the facts found that appellant's surgeon and the appellee went to the house where said Maddox lay, and agreed that his leg should be amputated, and said surgeon directed the appellee to take care of him, saying he had more than he could attend to; that the appellee was a physician and surgeon of learning, skill and ability, and in connection with other physicians and appellant's surgeon, who was the principal assistant and ligated all of the arteries, performed said operation and amputated the leg of said Maddox so injured as aforesaid; that appellant's surgeon and appellee both attended said Maddox on October 3d, 4th and 5th, after which date appellant's surgeon gave no further attention to him, but that appellee, for three months thereafter and until his final recovery, had full charge of said Maddox, and made from one to two visits a day, the appellee residing in Bedford about one-fourth of a mile from where said Maddox was located; that appellant had no depot, office or local agent at said time in the city of Bedford; that appellee's services rendered in the amputation of said leg

were reasonably worth $100; that appellee's services rendered said Maddox after said amputation and during the time appellee continued to attend and treat him were reasonably worth $200; that appellant's local surgeon, conductor of said train, and superintendent of the construction of appellant's said railroad, nor either of them, had any special authority to bind the appellant in the employment of physicians or surgeons, except what the law gave them by reason of said agency and employment as above, and under the circumstances as above found.

As a conclusion of law from the foregoing facts, the court found for the appellee in the sum of one hundred dollars and costs of suit.

It will be seen that the court, in its conclusion of law upon the facts found, limited the recovery of the appellee to $100, the value of the services rendered in the amputation of the leg of said Maddox, and did not allow appellee for services rendered after said amputation in the treatment of said Maddox.

We infer from the finding that the court considered that there was an emergency requiring immediate action, and, although appellant's local surgeon was on the ground, that one surgeon was wholly inadequate to give such attention and relief to the injured as the emergency demanded; that, under such circumstances, the employment of the appellee by the conductor and the surgeon made the appellant liable for the services rendered under the existing emergency, but did not render the appellant liable for services rendered under said employment after the emergency ceased to exist. The principle involved in the case at bar was ably and exhaustively considered in *Terre Haute, etc., R. R. Co.* v. *McMurray,* 98 Ind. 358. The doctrine there declared was based upon the ground of an emergency existing requiring immediate action. It was said by the court in that case, on the opinion on petition for rehearing: "We did not decide that a corporation was responsible generally for medical or surgical at-

tention given to a sick or wounded servant; on the contrary, we were careful to limit our decision to surgical services rendered upon an urgent exigency, where immediate attention was demanded to save life or prevent great injury. We held that the liability arose with the emergency, and with it expired. We did hold that where the conductor was the highest representative of the corporation on the ground, and there was an emergency requiring immediate action, he was authorized to employ a surgeon to give such attention as the exigency of the occasion made imperiously necessary; but we did not hold that the conductor had a general authority to employ a surgeon where there was no emergency, or where there was a superior agent on the ground."

The quotation we have made from the opinion on petition for rehearing in this case is a substantial statement of what was held on the same points in the original opinion. When the principles thus declared are applied to the facts found in the case at bar, the right of the appellee to recover in this action seems clear.

It must be conceded, under the facts found, taking into consideration the large number of persons injured, the serious character of such injuries, that an overwhelming emergency did arise, rendering immediate action imperiously necessary in order to save life and prevent great bodily suffering, and that the services of the local surgeon were inadequate to render the necessary assistance required for the preservation of life and to prevent great bodily suffering.

The case under consideration is much stronger on the grounds of necessity and emergency, and where humanity and justice demanded immediate action, than the case of *Terre Haute, etc., R. R. Co.* v. *McMurray, supra.* There is this difference, however, in the two cases: In the case at bar there was a local surgeon on the ground, while in the case cited this fact did not exist. But we do not think the principle, as declared when taken in connection with the great emergency and im-

perious necessity, and other circumstances, as shown by the facts founds, is affected by the presence of the local surgeon, but that the very serious character of the accident, considering the large number of persons injured, constitute a necessity and emergency requiring immediate action to save life and prevent bodily suffering, and that the services of the local surgeon were wholly inadequate to accomplish this end. In coming to our conclusion upon this question, we do not consider the fact that after the amputation of the leg of the injured man, the superintendent of the construction of appellant's road directed the appellee to continue to treat him, assuring the appellee that he would see that the appellant paid him therefor, of any weight, because that was after the emergency had expired for the employment of the appellee, and the superintendent of the construction of the road did not have the authority to employ the appellee and bind the appellant to payment. We rest our decision upon the question involved upon the law as declared in *Terre Haute, etc., R. R. Co.* v. *McMurray, supra,* that there was an emergency and an imperious necessity for the preservation of life, and to prevent great bodily suffering at the time appellant's conductor employed appellee to treat said Charles Maddox, which emergency and necessity were concurred in by the local surgeon, who was unable, by reason of the extraordinary service devolved upon him by the injury of so many persons, to give the immediate aid and attention required by the emergency and necessity growing out of the accident; and, reaching the conclusion we have, we do not assume the law to be that the conductor or other subordinate agent has the general authority to employ a surgeon for a sick or wounded servant of the company, but we do hold that where the conductor in control of the company's train is the highest agent on the ground, he possesses an authority commensurate with an existing and pressing necessity. *Louisville, etc., R. W. Co.* v. *Smith,* 121 Ind. 353, and *Terre Haute, etc., R. R. Co.* v. *Brown,* 107 Ind. 336, in so far as they

are applicable to the facts found in this case, sustain our conclusion.

The judgment is affirmed, with costs.

Filed March 17, 1892.