Chicago and Erie Railroad Company *v.* Behrens.

---

No. 1,106.

## CHICAGO AND ERIE RAILROAD COMPANY *v.* BEHRENS.

RAILROAD.—*Injured Employe.*—*Liability of Company for Services, etc., Rendered Such Employe.*—*Special Verdict, Sufficiency of.*—Where a special verdict, in an action against a railroad company to recover for services rendered one of defendant's injured employes, was that N. was a regularly appointed physician of the defendant company, and, under the terms of his contract with defendant, was required to do the medical and surgical work of the company in a prescribed territory; that an injured employe of defendant was placed in N.'s care by defendant's conductor; that the character of the employe's injuries were such as to require immediate attention when N. was called; that under the directions and at the request of said N., such employe was removed from the car on defendant's railroad to plaintiff's home, and that the removal was urgent and necessary to enable N. to properly care for the employe; that the services performed and articles furnished by plaintiff, including board, were of the value of $67.95, and that they were performed and furnished at the request of N., with the implied understanding that they should be paid for by the defendant railroad company,—such facts do not bring the case within the rule under which railroad companies are liable for services rendered to their injured employes.

From the Porter Circuit Court.

*O. Gresham, N. L. Agnew* and *D. E. Kelly,* for appellant.

*J. E. Cass,* for appellee.

DAVIS, C. J.—In the trial court a special verdict was returned, on which judgment was pronounced in favor of appellee.

The correctness of this ruling is brought in review by proper assignments of error in this court.

The material facts found in the special verdict, so far as the question presented for our consideration is concerned, are, that Doctor P. D. Noland was a regularly appointed physician of appellant company, and, that under the terms of his contract, he was required to do the

medical and surgical work of the company in a pre-scribed territory, and to care for the patients while in his charge; that the injured person, Rees Powley, was an employe of appellant, and that the conductor of the train of appellant, which brought Powley to Kouts, called said Noland to look after and attend as a surgeon to the said Powley; that the character of the injuries of said Powley were such as to require immediate attention at the time said Noland was called, and that under the di-rection and at the request of said Noland said Powley was removed from the car, on appellant's railroad, to the home of appellee, and that such removal was urgent, and was ordered by said Noland for the purpose of enabling him to properly care for and treat the said Powley; that the services performed and articles furnished by appel-lee, including board, in and about the care and treat-ment of said Powley, were of the value of $67.95, and that they were so performed and furnished, at the re-quest of Noland, with the implied understanding that they should be paid for by appellant; that, afterwards, ap-pellee wrote and rendered to the superintendent of ap-pellant, F. E. Merrill, a statement of the account, and that no answer was returned to the letter, and that, after-wards, appellant offered to pay the account, provided ap-pellee would render what appellant considered a reason-able bill therefor.

It will be observed that there is no finding that said Powley was injured by appellant, or that he was injured while engaged in the performance of any duty for appel-lant.   There is a finding that he was an employe of ap-pellant, but how or when or in what service he was in-jured does not appear.   Neither is there any finding that said Noland had any authority to bind appellant by any agreement, or that he said or did anything indicating an intention on his part to bind appellant for the payment

Chicago and Erie Railroad Company *v.* Behrens.

of any part of the services performed or articles furnished by appellee. On the contrary, there is a finding that Noland was required "to care for the patients while in his charge." If he had any authority to act for appellant, or if he attempted to so act, the facts tending to show such authority in relation to such acts should have been found.

It is not shown that appellant had any notice, until after the entire account was created, that appellee was expecting to hold the company therefor. There is, it is true, a statement in the finding that appellant offered to pay appellee's account on condition that "he would render what appellant considered a reasonable bill therefor," but whether this conditional offer was made by any officer or agent having authority to act for the company, does not appear. When, and the circumstances under which, the offer was made are not shown.

The facts found do not bring the case within any rule heretofore announced by this or the Supreme Court under which railroad companies have been held liable for services rendered employes of railroads, who have been injured while in the discharge of their duties. *Toledo, etc., R. R. Co.* v. *Mylott,* 6 Ind. App. 438, 33 N. E. Rep. 135; *Cincinnati, etc., R. W. Co.* v. *Davis,* 126 Ind. 99; *Evansville, etc., R. R. Co.* v. *Freeland,* 4 Ind. App. 207; *Louisville, etc., R. W. Co.* v. *McVay,* 98 Ind. 391; *Terre Haute, etc., R. R. Co.* v. *McMurray,* 98 Ind. 358; *Terre Haute, etc., R. R. Co.* v. *Stockwell,* 37 Am. and Eng. R. R. Cases, 278; *Cincinnati, etc., R. R. Co.* v. *Davis,* 44 Am. and Eng. R. Cases, 459, and notes.

Our conclusion is that on the facts, as stated, appellee is not entitled to recover. *Mayberry* v. *Chicago, etc., R. W. Co.,* 11 Am. and Eng. R. R. Cases, 29; *Louisville, etc.,*

*R. W. Co.* v. *Smith*, 121 Ind. 353; *Terre Haute, etc., R. R. Co.* v. *Brown*, 107 Ind. 336.

Judgment reversed, with instructions to grant a new trial if moved for by appellee, otherwise to render judgment on verdict for appellant, at costs of appellee.

Filed April 6, 1894.