The Bedford Belt Railway Company v. McDonald.

Filed May 28, 1895.

———◇———

No. 1,641.

THE BEDFORD BELT RAILWAY COMPANY v. McDONALD.

PHYSICIAN.—*Action for Services Rendered.*—*Complaint Must Show Li-
cense Procured Previous to Rendition of Services.*—In an action by a
physician for professional services rendered, if the complaint do not
allege that prior to the rendition of the services plaintiff had pro-
cured a license to practice as such physician and surgeon, as pro-
vided by statute, the complaint is not sufficient.

SAME.—*Complaint for Services Rendered.*—*Insufficiency of.*—*Railroad.*—
In such case, the action being against a railroad company, the com-
plaint is insufficient which does not show that the services were
rendered for workmen of defendant injured in the performance of
duty or for persons injured by its trains.

From the Lawrence Circuit Court.

*F. M. Trissal* and *Matson & Giles*, for appellant.
*W. H. Martin*, for appellee.

DAVIS, J.—The appellant was defendant in the circuit
court, and appeals from a judgment in a cause in which
appellee was plaintiff.   The alleged cause of action was

The Bedford Belt Railway Company v. McDonald.

stated in two paragraphs of complaint. The appellee averred in the first that he was a physician and surgeon and as such was engaged in the practice of his profession in Bedford, Lawrence county, Indiana; that the appellant was a railway corporation, duly organized and doing business under the laws of the State of Indiana, and was indebted to him on account for medical and surgical attention rendered by him at appellant's special instance and request, the services being rendered to divers persons, at divers times, all in the year 1893.

The second paragraph of his complaint only differed from the first in that it averred that he was employed by both the general manager and secretary of appellant to give medical and surgical attention to the parties named in the bill of particulars filed with each paragraph, and that under such employment he rendered the medical and surgical services for the value for which he asked to recover.

A demurrer to each paragraph was overruled, and exception reserved.

It is not averred, in either paragraph, that prior to the rendition of the services appellee had procured a license to practice as such physician and surgeon, as provided by statute. Sections 7318, 7319 and 7322, R. S. 1894; *Orr* v. *Meek, Admr.*, 111 Ind. 40; *Cooper, Admr.*, v. *Griffin*, 40 N. E. Rep. 710.

Under a statute similar in some respects, but not so strong, in relation to the employment of school teachers, it has been held necessary for the teacher to allege that he had obtained a license, as required by statute, before the rendition of the services. Section 5988, R. S. 1894; *Jackson School Tp.* v. *Farlow*, 75 Ind. 118.

It is not averred, in either paragraph, that the services were rendered for workmen of appellant injured in

the performance of duty or for persons injured by its trains.

A subordinate officer or agent of a corporation has no authority to employ surgical attendance for a servant injured in the performance of duty, or for a person injured by its trains, except on an urgent exigency. In such case the liability arises with the emergency, and with it expires. *Terre Haute, etc., R. R. Co.* v. *McMurray*, 98 Ind. 358; *Toledo, etc., R. R. Co.* v. *Mylott*, 6 Ind. App. 438; *Chicago, etc., R. R. Co.* v. *Behrens*, 9 Ind. App. 575.

Assuming, without deciding, that a contract entered into between a railway corporation, through its board of directors or general officers, and a physician and surgeon, to render professional services generally for servants injured in the performance of duty, and others injured by its trains, where there is no emergency, is not *ultra vires* or contrary to public policy, each paragraph of the complaint is bad for the reasons hereinbefore stated. *Louisville, etc., R. W. Co.* v. *McVay*, 98 Ind. 391; *Terre Haute, etc., R. R. Co.* v. *Brown*, 107 Ind. 336; *Louisville, etc., R. W. Co.* v. *Smith*, 121 Ind. 353; *Cincinnati, etc., R. W. Co.* v. *Davis*, 126 Ind. 99; *Evansville, etc., R. R. Co.* v. *Freeland*, 4 Ind. App. 207.

The judgment of the court below is reversed, with instructions to sustain the demurrer to each paragraph of the complaint.

Filed May 28, 1895.