## BEDFORD BELT RAILWAY COMPANY v. McDONALD.

[No. 2,130.   Filed April 30, 1897.]

RAILROADS.—*General Officers.*— *Power of to Employ Medical Attendance for Injured Workmen.*—The president, vice president, general manager, secretary and treasurer are general officers of a railroad company and have power to employ medical attendance for workmen injured in the performance of duty in the company's service. *p. 493.*

SAME.—*General Officers.*—*Employment of Surgeon, Not Ultra Vires.*— The employment of a surgeon by the general officers of a railroad corporation to render his services to employes in case of injury in the course of their employment, without compensation other than the value of the services actually rendered, is not *ultra vires. pp. 495-497.*

CORPORATIONS.—*Contract.*—*Ultra Vires.*—Where a private corporation has entered into a contract not immoral in itself and not forbidden by any statute, and it has been, in good faith, fully performed by the other party, the corporation will not be heard on a plea of *ultra vires. p. 497.*

APPEAL AND ERROR.—*Bill of Exceptions.*—*Longhand Manuscript of Evidence.*—The record must affirmatively show that the longhand manuscript of the evidence was filed with the clerk before it was incorporated in the bill of exceptions. *p. 499.*

From the Monroe Circuit Court. *Affirmed.*

*Frank M. Trissal,* for appellant.

*H. C. Duncan, I. C. Batman, W. H. Martin, J. R. East* and *R. G. Miller,* for appellee.

ROBINSON, J.—Appellee seeks to recover the value of medical services rendered appellant's employes. The complaint is in two paragraphs. Demurrers for want of facts were overruled and appellant answered with the general issue and payment. The jury returned a special verdict, and over appellant's motion in arrest, and its motion for a new trial, judgment was rendered on the verdict. The errors assigned are the overruling of the demurrers to the complaint, the mo-

tions for a new trial and in arrest, and in rendering judgment in appellee's favor on the special verdict.

The first paragraph of the complaint alleges that appellee is a licensed practicing physician and surgeon; that appellant is a railway corporation, organized under the laws of this State; that appellant is indebted to appellee for medical and surgical services rendered employes of appellant at appellant's special instance and request; that the services were rendered employes injured in the line of their employment in appellant's service.

It is averred in the second paragraph that appellee was employed by the president, vice-president, general manager, secretary and treasurer of appellant to render medical and surgical attention to appellant's employes injured in the line of their employment in appellant's service, and particularly to employes named in a bill of particulars filed with and made a part of each paragraph of complaint, the value of which services he seeks to recover.

When this case was here on a former appeal, the complaint was held bad for failing to show that appellant was a licensed physician and that the services were rendered for workmen of appellant injured in the performance of duty, or for persons injured by its trains. *Bedford Belt R. W. Co.* v. *McDonald*, 12 Ind. App. 620.

A railroad corporation is under no different obligation to procure medical and surgical aid for its employes than is any other corporation or person under like circumstances.

It is well settled that the general officers of a railroad company have power to employ medical attendance for workmen injured in the performance of duty in the company's service. *Toledo, etc., R. R. Co.* v. *Mylott*, 6 Ind. App. 438, and cases there cited.

On the former appeal it was said that, "A subordinate officer or agent of a corporation has no authority to employ surgical attendance for a servant injured in the performance of duty, or for a person injured by its trains, except on an urgent exigency. In such case the liability arises with the emergency, and with it expires." *Bedford Belt R. W. Co.* v. *McDonald, supra.*

It is said by appellant's counsel that "The reference to 'subordinate officers' could only mean, and was doubtless intended to be meant as 'subordinate' to the board of directors, and could not possibly have been used to designate some one whose rank or title was inferior to that of the general officers."

We do not think it can be said that the president of a railroad company is a subordinate officer of the corporation. The statute concerning the organization of railroad companies provides that there shall be a president of the company, who shall be chosen by and from the directors. The statute further provides that the board of directors has power to make by-laws for the management of the business affairs of the company, and prescribing the duties of officers, and for the appointment of all the officers for carrying on all the business within the object and purpose of the company. Sections 5145, 5147, Burns' R. S. 1894.

The officers named in the complaint are selected by the company through its board of directors. They are placed in a position of power by the company, and it invests them with ostensible authority. The appellee acted upon the apparent authority with which the company clothed these officers. So far as the public is concerned such officers are almost always looked upon as the corporation itself, and through them the substantial part of the business of the corporation is done. They could make the contract sued on if the corporation itself could make it, and the only question

here is, whether the contract is beyond the power of the corporation to make.

It is stoutly maintained by appellant's counsel that such a contract is outside of the objects for which the corporation was created, and is beyond the scope of the powers granted by the act of incorporation.

In *Terre Haute, etc., R. R. Co.* v. *McMurray*, 98 Ind. 358, it was held that the conductor of a train could employ a surgeon to attend an injured brakeman, the conductor being the highest representative of the corporation on the ground.

In *Louisville, etc., R. W. Co.* v. *McVay*, 98 Ind. 391, the company was held liable for the services of a nurse employed by a roadmaster, the employment having been ratified by the general manager of the company.

In *Atlantic, etc., R. R. Co.* v. *Reisner*, 18 Kan. 458, it was held that the general agent of the company could employ a surgeon to attend an injured employe, the court saying: "The general agent of the company is virtually the corporation itself."

In *Swazey* v. *Union Mfg. Co.*, 42 Conn. 556, the business manager bound the corporation for the value of a surgeon's services in attending a boy injured in the corporation's service.

The general superintendent of a railroad company has authority to employ a surgeon to attend a person injured by one of the company's trains, whether the injured person be an employe or not. *Cincinnati, etc., R. W. Co.* v. *Davis*, 126 Ind. 99, 19 L. R. A. 503. See *Terre Haute, etc., R. R. Co.* v. *Stockwell*, 118 Ind. 98; *Terre Haute, etc., R. R. Co.* v. *Brown*, 107 Ind. 336.

During recent years many railroad companies have established voluntary relief departments for the purpose of accumulating a fund out of which to pay employes, who are members, sick and disablement benefits, and the courts of many states have assumed that

the act of establishing such a department is within the express, or implied powers of the corporation. *Miller* v. *Chicago, etc., R. W. Co.*, 65 Fed. 305; *Lease* v. *Pennsylvania Co.*, 10 Ind. App. 47; *Vickers* v. *Chicago, etc., R. R. Co.*, 71 Fed. 139; *Donald* v. *Chicago, etc., R. W. Co.*, 93 Ia. 384, 61 N. W. 971; *Johnson* v. *Philadelphia, etc., R. R. Co.*, 163 Pa. St. 127, 29 Atl. 854; *Voluntary Relief Department, etc.*, v. *Spencer, ante*, 123.

In Thompson on Corporations, section 5840, the author says: "An *implied power will be ascribed to any corporation employing labor*, to incur expense on account of injuries received by its employes in the line of their employment, in the absence of any express statutory grant of such power."

While, in a certain sense, it may be said that the complaint counts on a contract of general employment, yet there was no contract to pay appellee a certain sum as physician, nor to pay him any sum, unless some employe should be injured, and the complaint seeks to recover only for services actually rendered such injured employes. The effect of the contract was nothing more than an agreement between appellee and the corporate officers that if an employe was injured and needed medical or surgical attention appellee should render the services. If appellee performed no services he could recover no compensation. He is not seeking to recover a salary agreed to be paid him in any event, but the value of services actually rendered. A fair construction of the contract is, that no services were to be rendered unless an emergency arose for such services. We do not decide whether a corporation has power to employ a surgeon at a stated salary which he is to receive in any event, because that question is not presented by the demurrer.

We cannot agree with appellant's counsel that ·to

permit a corporation to make such a contract is against public policy, and is an invasion of the rights of the injured employe. We cannot presume that the amount paid the surgeon by the company is deducted from the wages of the injured employe, nor will we presume that such a contract cuts off the right of the injured employe to call in any surgeon he may choose. The fact that the other contracting party has performed his part of the contract necessarily implies that the corporation has received the benefits of it.

The general rule is, that where a private corporation has entered into a contract not immoral in itself and not forbidden by any statute, and it has been in good faith fully performed by the other party, the corporation will not be heard on a plea of *ultra vires*. *Louisville, etc., R. W. Co.* v. *Flanagan*, 113 Ind. 488; *Board, etc.,* v. *Citizens Street R. W. Co.*, 47 Ind. 407; Thompson's Corp., section 6026.

The business of railroading is recognized by every one as hazardous. Persons engaged in the business are liable to be injured, and often receive injuries which the highest degree of skill and care could not have prevented. If a railroad corporation sees proper to recognize this fact, and, prompted by the highest considerations of justice and humanity, enters into a contract with a physician to give prompt attention to any of its servants who may be injured, and such attention is given injured employes, a court will not say, in a suit for the value of such services, that the contract is one beyond the power of the corporation to make. We fail to see any difference in effect between a corporation through its general officers employing a surgeon at the time an employe is injured, and employing him in advance to render services to an employe only in the event that the employe is injured.

It is urged by appellee's counsel that the evidence is not in the record.

The record sets out the complaint, the demurrers and rulings thereon and exceptions, the answers, reply, trial, instruction requested by appellant, special verdict, motion for a new trial and ruling thereon and exception; judgment, motion in arrest, and appeal bond, in the order named. This is followed by the clerk's certificate, in which he certifies "that the above and foregoing transcript contains a full and complete copy of all the files and entries of record made and rendered in said cause, * * * * * * * that on the 10th day of April, 1896, the official reporter who took down the evidence in said cause on the trial thereof, filed in my office his longhand report thereof, and certified to its correctness, which is the same manuscript of the evidence incorporated in the bill of exceptions and made a part of the foregoing transcript." This is followed by what is termed the "stenographer's transcript," which contains the evidence. Following the stenographer's certificate is the following entry "And afterward a motion for a new trial, as elsewhere appearing in the record, having been filed by the said defendant, the same was, on the 16th day of March, 1896, overruled by the court, to which ruling the defendant did then and there except, and was allowed sixty days in which to file its bill of exceptions." The record then shows that, "on the 10th day of April, 1896, and within the time allowed so to do, the said defendant came and presented to the judge of said court, its bill of exceptions in said cause, containing the sworn official reporter's original longhand manuscript of his verbatim shorthand notes and report of the evidence given and delivered in the cause, etc., and asked the court to sign and seal the same and certify that it contains a full, true, com-

plete and impartial transcript and report of all the evidence given and introduced and of all the proceedings had on the trial of said cause, and make it a part of the record thereof, which is now accordingly done (said bill of exceptions having been examined and found to be true), this 10th day of April, 1896." This is signed by the judge. 'In his final certificate, the clerk says: "that the above and foregoing is the identical bill of exceptions and identical longhand manuscript of the verbatim report of the evidence made by the official reporter of said court in said cause, the said manuscript having been by the defendant, on the 10th of April, 1896, filed with me, as such clerk, incorporated in said bill of exceptions, and the said bill also having been filed at the said time."

Granting there is a bill of exceptions, and that it was filed, it purports to contain nothing but the evidence, and it does not affirmatively appear from the record that the longhand manuscript of the evidence was filed in the clerk's office before it was incorporated in the bill of exceptions, or before the bill was filed as required by the statute. The evidence is not in the record. *Fitzmaurice* v. *Puterbaugh, ante,* 318; *Thompson* v. *Shewalter, ante,* 290; *Pittsburgh, etc., R. W. Co.* v. *Cope,* 16 Ind. App. 579.

The only ground for a new trial argued in appellant's brief is, that the damages are excessive; but as the evidence is not in the record, we cannot say that the amount fixed by the jury is too large.

There are other alleged errors assigned, but as they have not been discussed in appellant's briefs, they are deemed waived.

Judgment affirmed.