EBAUGH v. EASTERN B. & L. ASSN. OF SYRACUSE, N. Y.

1. BUILDING AND LOAN ASSOCIATION.—The laws of New York not being in conflict with the construction placed by this Court on contracts similar to one in question, in Williamson *v.* same defendant, 54 S. C., 582, and Welling *v.* same defendant, 56 S. C., 280, there is no ground for differentiating this case from those.

Before GARY, J., Greenville, January, 1900.    Affirmed.

Action by David W. Ebaugh against Eastern Building and Loan Association of Syracuse, N. Y., to recover the alleged maturity value of certain stock in defendant company.    The Circuit decree is as follows:

"The defendant is a corporation organized under the laws of New York, with its principal place of business in the city of Syracuse.    In the early part of the year 1892, it began business in the State of South Carolina, and organized in the city of Greenville a local branch of said association.    The plaintiff is a resident of the city of Greenville, in said State. The defendant's agent approached the plaintiff for the purpose of inducing him to become a stockholder in the defendant company.    The agent exhibited to the plaintiff a form of the certificate of stock, which contained, among other things, this promise: 'Eastern Building and Loan Association of Syracuse, New York, agrees to pay said shareholder, or his heirs, executors, administrators or assigns, the sum of $100 for each of said shares, at the end of seventy-eight months.'    At the same time, the agent exhibited to him certain printed circulars or literature of the defendant company.    One of these circulars was entitled 'The Definite Contract Plan.'    This circular stated: 'Q. What amount is deposited monthly?    A. Seventy-five cents per share * * * Q. When will the shares reach their par value?    A. Shares mature in exactly six and one-half years.    Q. How much will a member have to pay in altogether?    A. On a basis of ten shares ($1,000 maturity value), he will have paid in $595 and receives $1,000. * * * All shares on which pay-

ments are made are regularly matured at the expiration of seventy-eight months (six and one-half years) from date of certificate. * * * Illustration: Showing costs and profits to the investor of ten shares of $1,000, six and a half years at time of maturity. He pays a membership fee of $1.00 per share, $10. He pays monthly instalments of $7.50 per month for seventy-eight months, $7.50 x 78—$585. Total amount invested, $595. He receives in cash at maturity $1,000. The only association making a contract definite in every particular. * * * Stock matures in seventy-eight months.' On reading the circulars and after listening to the persuasive talk of the agent, the plaintiff was induced to become a subscriber for ten shares of stock. Thereupon the certificate sued upon was issued to him. This certificate is dated on April 1st, 1892. It certifies that 'D. W. Ebaugh, of Greenville, county of Greenville, and State of South Carolina, is hereby constituted a stockholder of the Eastern Building and Loan Association of Syracuse, New York, incorporated under the laws of New York, and holds ten shares therein of $100 each, and in consideration of the membership fee, together with agreements and statements contained in the application for membership in the association, and full compliance with the terms, conditions and by-laws printed on the front and back of this certificate, which are hereby referred to and made a part of this contract; and the said Eastern Building and Loan Association of Syracuse, New York, agree to pay to said shareholder, or his heirs, executors, administrators or assigns, the sum of $100 for each of said shares at the end of seventy-eight months from the date hereof.' Ebaugh paid the entrance fees, and continued to pay the monthly instalments until seventy-eight months had elapsed. The last payment was made on October 1st, 1898. In subscribing to this stock and in making these payments, Ebaugh trusted to the statements contained in the circular and to the promise made in the certificate. About one month before the last payment was made, the association wrote to Ebaugh, stating that they could not carry out the

contract, and stating that they could not pay him $100 upon the end of seventy-eight months, but that he would have to continue making payments. In reply to this, Ebaugh wrote that he had made a definite contract with the association, and expected them to comply with its terms. A short time after making the last remittance, he signed a blank receipt upon the back of the certificate, and sent the same to the association, with the request that they forward him a check for the money due him. The association refused to make payment, and on January 17, 1899, this action was commenced to recover from the association the sum of $1,000, with interest thereon from October 1st, 1898. Certain property of the defendant company in this State was attached in said action. The defendant made answer, alleging that there was no contract to mature the stock at a definite period, but that it was only estimated that the stock would be matured in seventy-eight months. It also claims that any promise to mature the stock within a definite time would be contrary to their by-laws and charter, and contrary to the laws of New York. By agreement of counsel, all issues of law and fact were referred to Oscar Hodges, a member of the bar at Greenville, as special referee. Mr. Hodges took testimony, and heard argument, and filed his report, wherein he concludes 'that the plaintiff is entitled to recover judgment against the defendant for the sum of $1,000, with interest from October 15th, 1898, at the rate of seven per cent. per annum, and for the costs of this action. To this report the defendant filed certain exceptions. After hearing argument, I am satisfied that the report of the referee is correct in every particular, and the exceptions are hereby overruled. The defendant certainly made definite assurances in those circulars, and a definite promise as to the maturity of stock; that if the plaintiff would pay the entrance fees, and his monthly dues for seventy-eight months, that at the end of that time it would pay to him $100 for each share of stock taken by him. These assurances and this promise were made for the purpose of procuring the plaintiff as a stockholder. This

promise was definite. The plaintiff relied upon it, and made
the payment of his entrance fees, and his monthly dues.
The association knew that the plaintiff was relying upon its
promise, and allowed him to make all these payments and to
incur the liability of a stockholder. It received the full ben-
efit of this transaction, and it cannot now be heard to say
that the contract was contrary to its by-laws, or its charter.
Even if this contract were in excess of its charter powers,
the association would, nevertheless, be bound by it, inasmuch
as it received the full benefit thereof. In the cases of Wil-
liamson *v.* Eastern Building and Loan Association, and
Welling & Bonnoitt *v.* Eastern Building and Loan Associa-
tion, these same questions were raised. The Supreme Court
had before it the same circulars, the same certificate, the
same by-laws, and the same matters of law, as were intro-
duced in evidence in this case, and its judgment was that the
defendant association was bound to the full extent of its
promise. These cases conclude all the issues here, and
render unnecessary a further discussion of the principles in-
volved. This is a law case, and it will be necessary to have
judgment entered regularly upon this order. It is, there-
fore, ordered and adjudged, that the plaintiff, David W.
Ebaugh, do recover of the defendant, Eastern Building and
Loan Association of Syracuse, New York, the sum of
$1,000, with interest from October 15, 1898, at the rate of
seven per cent. per annum, now amounting to $1,080,
together with costs of this action, and that the plaintiff be,
and he is hereby, permitted to enter judgment for said sum
and costs."

From this judgment the defendant appeals.

*Mr. T. H. Spain,* for appellant, cites: *The laws of New
York govern the contract:* 41 S. C., 305; 54 S. C., 371; 4
Rich., 224; 1 Rich. Eq., 211; 39 S. C., 484. *And in that
State plaintiff could not recover:* 92 Hun., 572; 117 N. Y.,
175; 48 S. W., 954; 51 S. W., 406; 48 N. E., 677; 63 N. Y.,

62; 21 N. Y., 124; 106 N. Y., 473. *This State must adopt the New York construction:* 3 Strob. Eq., 301; 6 Rich. Eq., 58; 10 Rich. Eq., 475; 147 U. S., 203; 53 U. S., 938; U. S. Con., art. 4, sec. 7; Rev. Stat. U. S., 905; 119 U. S., 519; 4 Rich. Eq., 219; 1 Rich. Eq., 187; 150 U. S., 1134; 166 U. S., 1149; 172 U. S., 364; 172 U. S., 521; 146 U. S., 1123; 133 U. S., 541. *The New York construction of the charter is read into the contract:* 42 S. C., 291; 48 S. W., 29. *As to estoppel:* 13 S. C., 29; 103 U. S., 338; 139 U. S., 55; 50 S. C., 401; 21 N. E., 12; 54 S. C., 314; 41 S. C., 178; 102 U. S., 232.

*Messrs. Haynesworth, Parker & Patterson,* contra, cite: *This being law case, all findings of fact are conclusive:* 32 S. C., 589. *Same question is decided in* 54 S. C., 582; 56 S. C., 280. *A contract made by foreign corporation with citizen of this State is governed by its laws and policy:* 172 U. S., 587; 155 U. S., 648.

June 28, 1900. The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts of this case are fully set forth in the report of the master and decree of the Circuit Judge, which will be incorporated in the report of the case. Contracts similar to that which gave rise to the action herein have recently been construed by this Court in the cases of *Williamson* v. *Eastern B. & L. Assn.,* 54 S. C., 582, and *Welling* v. *Eastern B. & L. Assn.,* 56 S. C., 280. See, also, cases cited in the notes to *Williamson* v. *Eastern B. & L. Assn.,* reported in 71 Am. St. Rep., 822. The appellant contends that the contract must be construed with reference to the laws of New York, and attempts to differentiate this case from those just mentioned, on the ground that the answer alleges, and the testimony establishes, the fact, that under the laws of that State, the by-laws of the association, and not its express agreement, must prevail in the interpretation of the contract between the parties. Both the master and Circuit Judge found as matter of fact that the laws of

New York did not forbid the defendant from entering into an agreement by which the shares of stock would mature in a definite time. In his report, the master says: "The question as to whether this promise was in excess of the charter powers, was not expressly decided by the Supreme Court, but that Court did decide that even though it were in excess of its charter powers (in the language of *B. B. R. R. Co.* v. *McDonald,* 60 Am. St. Rep., 172), 'The general rule is that where a private corporation has entered into a contract, not immoral in itself and not forbidden by any statute, and it has been in good faith performed by the other party, the corporation will not be heard on a plea of *ultra vires.'* This proposition is fully sustained by the decisions of New York. The plaintiff introduced in evidence the following decisions of that Court: *Whitney Arms Co.* v. *Barlow,* 63 N. Y., 62; *DeGrand* v. *American Linen Thread Co.,* 21 N. Y., 124; *Diamond Match Co.* v. *Roeber,* 106 N. Y., 473. This constituted the only evidence before me as to what was the law of New York touching this point. I find as a matter of fact that the law of New York is that where a corporation enters into a contract, that is in excess of its charter powers, or is unauthorized by law, it will, nevertheless, be bound to perform its agreement as contained in the contract, if it suffers the other party to perform his agreement and receives the benefits and retains them. This being the law of New York, it is conclusive of the case at issue." The report of the master was confirmed in all respects by the Circuit Judge. As this is an action *at law,* the foregoing findings of fact are not subject to review but are conclusive on this Court.

As the laws of New York are not in conflict with the construction which this Court has placed upon contracts similar to that upon which the action herein is founded, we fail to discover any facts causing us to differentiate this case from those hereinbefore mentioned.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.