## SOUTHERN RAILWAY COMPANY v. HAZLEWOOD.

[No. 6,779.    Filed June 3, 1909.    Rehearing denied December 8, 1909.    Transfer denied March 9, 1910.]

1. RAILROADS.—*Negligence.*—*Complaint.*—*Common Count for Services of Surgeon Treating Injured Employe.*—*License.*—Railroad companies may employ surgeons to treat injured employes; and a common count for services rendered is sufficient in an action by a surgeon who performed such services, an averment that the plaintiff was licensed being unnecessary.    pp. 480, 481.

2. RAILROADS.—*Claim Agents.*—*Ratification of Acts of.*—*Employment of Surgeons.*—A railroad claim agent, or "assistant law agent," having power to compromise claims, who authorized the employment of plaintiff to attend an injured employe, and whose settlement of such employe's case by the payment of a certain sum and by the agreement to pay the doctors' bills, was adopted and ratified, had authority to employ a physician, and the company is estopped to deny such authority.    pp. 480, 482.

3. RAILROADS.—*Claim Agents.*—*Employment of Surgeons.*—*Authority.*—Whether a claim agent acts within the scope of his authority in employing a surgeon to attend an injured employe, is a question of evidence.    p. 481.

4. CONTRACTS.—*Statute of Frauds.*—*Railroads.*—*Employment of Surgeon.*—A railroad company's contract of employment of a surgeon is not within the statute of frauds, because (1) it is the company's debt, and (2) if not the company's debt, it is a promise, founded upon a sufficient consideration, to pay another's debt, the original debtor not being discharged.    p. 481.

5. RAILROADS.—*Claim Agents.*—*"Law Agents."*—*Authority.*—*Verdict.*—*Appeal.*—A verdict, founded upon some evidence, that a railroad company's "law agent" had authority to employ a surgeon to attend an injured employe, is conclusive on appeal.    p. 483.

From Floyd Circuit Court; *William C. Utz*, Judge.

Action by Felix W. Hazlewood against the Southern Railway Company. From a judgment for plaintiff, defendant appeals.    *Affirmed.*

*A. P. Humphrey, E. P. Humphrey, J. D. Welman* and *C. L. & H. E. Jewett*, for appellant.

*Stotsenburg & Weathers*, for appellee.

ROBY, P. J.—Suit by appellee, a physician, against appellant railway company, to recover the value of services rendered an employe injured in appellant's service. The complaint was in three paragraphs: (1) A common count for services rendered; (2) alleging that Orville Smith, a brakeman in appellant's service was injured while at work by being dragged from the top of a train, that he was placed in a hospital, and that appellant, by one of its agents or servants, employed appellee, a duly licensed physician, to treat Smith for his injuries; (3) alleging that appellant made a settlement with Smith for the damages he sustained, and agreed, as part of the consideration, to pay the bills of physicians who treated him. A separate demurrer to each paragraph as filed and overruled, and an answer in general denial was filed. The case was tried by a jury, which returned a verdict for appellee for $196.

Errors relied upon are the overruling of appellant's demurrers to each paragraph of the complaint, and the overruling of its motion for a new trial. The demurrer to the third paragraph of complaint is as follows: "Defendant demurs to the third paragraph of plaintiff's complaint, and for cause of demurrer says: Said second paragraph of complaint does not state facts sufficient to constitute a cause of action against this defendant."

The evidence shows that during the night of March 14, 1906, Orville Smith, a brakeman, was injured while in appellant's service, and was taken to New Albany, where he was examined by appellant's regular surgeon, who at that time gave him no medical attention beyond prescribing a headache powder; that the next morning said Smith's father, a physician who lived at a distance, came to see him, and dismissed appellant's surgeon, whereupon appellee became the attending physician. T. M. McDonald, claim agent, or "assistant law agent," called on the injured employe the same morning. There is evidence that he told Smith to keep Doctor Hazlewood and the company would pay for his

services. Smith was later moved to a hospital, where, on at least two occasions, McDonald inquired how he was getting along, told him to let Doctor Hazlewood continue his treatment, and that the company would pay the bill. Doctor Hazlewood testified as follows:

"Q. What did he [McDonald] say in reference to your employment?

A. He said that Smith was dissatisfied with the company's doctor, and that he wanted me to go ahead and look after him, and that I should rest easy about the bill; that the company would as soon pay me as any other doctor, and for me to keep account of my bill and the company would pay it.

Q. You say that was within a week or ten days after you had been treating him?

A. Yes, sir.

Q. In pursuance to that, did you proceed to treat this man?

A. Yes, sir."

Appellee ordered a spinal brace for Smith from a surgical instrument house in Louisville, and the bill was sent to appellant's general superintendent, and was paid. Smith testified that the settlement was made between himself and the company, by its agreeing to give him $5,300, and pay his hospital expenses and doctors' bills.

1. The first paragraph of the complaint was the common count "for services rendered at the special instance and request of defendant." Railroad companies may employ surgeons generally, and therefore the paragraph was sufficient.

2. Appellant urges that the claim agent had no authority to employ a physician. He had authority to compromise the claim against it and to minimize damages recoverable from it. The settlement which he made has been adopted. The employment of a competent surgeon might be one step in minimizing such damages and in pro-

curing such settlement. It was therefore germane to the employment. Appellant, having held him out as possessing authority, is now estopped from denying it. *Cruzan* v. *Smith* (1872), 41 Ind. 288. The case of *Louisville, etc., R. Co.* v. *Smith* (1889), 121 Ind. 353, 6 L. R. A. 320, strongly relied on by appellant, is not in point. The authority of a conductor and of a claim agent rests on different bases. The natures of the two employments are essentially different. It was the duty of the "assistant law agent" to visit injured persons and to settle or compromise with them. The employment of a physician is reasonably incidental to these duties, and whether said agent acted within the scope of his authority, was a matter of proof. *Bedford Belt R. Co.* v. *McDonald* (1897), 17 Ind. App. 492, 60 Am. St. 172; *Terre Haute, etc., R. Co.* v. *Stockwell* (1889), 118 Ind. 98.

The promise of the railroad company to pay appellee is not within the statute of frauds, for two reasons: (1) The debt is the debt of the company. (2) Where a promise is made to a debtor to pay his debt to a third person, and sufficient consideration has passed between the debtor and promisor, an action may be maintained without the discharge of the original debtor. *McDill* v. *Gunn* (1873), 43 Ind. 315; *Hyatt* v. *Bonham* (1898), 19 Ind. App. 256.

Judgment affirmed.

## ON PETITION FOR REHEARING.

ROBY, J.—Appellant renews its attack upon the sufficiency of the first paragraph of complaint, citing the case of *Bedford Belt R. Co.* v. *McDonald* (1895), 12 Ind. App. 620, in which it was held that a physician must aver that he had, prior to the rendition of services sued for, procured a statutory license. The point made by appellant is not supported by the opinion, as we read it. If the opin-

ion were construed as holding that the common count is not good against a railway company in an action of this sort, its correction as to such expression would be required.

"In every species of the common count, the averments, by means of certain prescribed formulas, presented what the pleader conceived to be the legal effect and operation of the facts instead of the facts themselves. * * * The circumstances under which one person could be liable to another for money had and received were very numerous. * * * The mere averment that the defendant was indebted for money had and received admitted any of these circumstances in its support, but it did not disclose nor even suggest the real nature of the liability." Pomeroy, Code Remedies (4th ed.), §438. Logically, as shown by Mr. Pomeroy in the section just cited, the common count does not meet the requirement of the code—that facts be stated in plain and concise language; but the decisions in this State, as in most other states, establish the sufficiency of the common count as a complaint. *Fort Wayne, etc., R. Co.* v. *McDonald* (1874), 48 Ind. 241; *Curran* v. *Curran* (1872), 40 Ind. 473, 477; Pomeroy, Code Remedies (4th ed.), §436. The matter is purely one of pleading. Plaintiff cannot recover except upon proof that the request or contract he relies upon was made by a competent person. Had he chosen to plead the facts, instead of the conclusion that defendant is indebted, etc., then much that counsel say would be correct, but so long as there may, under some state of facts, be liability, the presumption is that such possible facts are relied upon.

It is said in the brief that the court had "no right to designate" Mr. McDonald "as claim agent." The term has a well-understood meaning, and while the person 2. named testified that he was "law agent for the Southern," he also testified to facts which show his business to have been the adjustment of claims, as was also shown by other testimony, so that the term "law agent," meaningless

in itself, does not seem so appropriate as "claim agent," which latter term was used in the instructions and otherwise during the trial. The real question, however, is not one of name, but of substance. The verdict carries with it at this stage a finding for appellee upon the question of McDonald's authority, and such finding is supported by evidence.

The petition for rehearing is overruled.