## ALBERT PERRY v. N. N. JONES.

1. AMENDMENT, ON TRIAL; *Terms; Continuance.* The court below, after the jury was impanneled, and after the plaintiff stated his case, granted leave to the defendant to verify his answer by affidavit, upon the condition that the plaintiff might if he chose continue the case till the next term of court at defendant's cost; *held,* no error as against the plaintiff.

2. AGENT; *Power to Bind Principal, Limited to Subject-Matter of His Agency.* A., who claimed to act as the agent of J., employed P. to assist as an attorney-at-law in the defense of an action wherein H. was plaintiff and S. was defendant. A. however had no express authority to so employ counsel, nor any authority from J. except a general authority to manage certain property belonging to J. J. was not a party to said suit, nor interested therein, except that the decision of some of the legal questions involved therein might as a precedent affect some of the legal rights of J. to certain property of J. not involved in said controversy. P. assisted in the defense of said suit, but J. in no manner ever ratified his employment. *Held,* That J. is not liable to P. for his said services; that a general authority given to manage the property of J. cannot be considered as an authority to employ counsel in a case concerning some other person's property.

*Error from Doniphan District Court.*

ACTION by *Perry,* as plaintiff. Trial, and judgment in favor of *Jones,* at September Term 1875 of the district court. The plaintiff brings the case here. The opinion will show all necessary facts.

*Price & Heatley,* for plaintiff.

*W. D. Webb,* for defendant.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought by Albert Perry against N. N. Jones, for attorney-fees. The plaintiff's petition sufficiently stated a cause of action, alleging among other things that the plaintiff was employed by the defendant, "by his agent John H. Jones, who, as such agent of the defendant, had full authority so to do." The defendant answered to this petition by filing a general denial, without

any verification. Upon the pleadings as thus made up, the parties proceeded to trial. A jury was impanneled, and the plaintiff stated his case to the jury. The defendant then asked the court for leave to verify his answer by affidavit so far as the same denied the said agency of said John H. Jones. The court granted such leave upon the condition that the plaintiff might if he chose continue the case till the next term of the court, at the defendant's costs. The plaintiff however declined to continue the case, and excepted to the ruling of the court. The answer was then verified as permitted by the court, and the parties then proceeded with the trial.

We think there was no error in the above ruling of the court. The verdict and judgment finally rendered in the case were for the defendant, and this we think was also right, whether any error intervened during the trial or not. There was a total failure in the evidence, as we think, upon an essential fact in the case. The preponderance of the evidence, as we think, shows that the plaintiff was employed to assist in the defense, as an attorney-and-counselor-at-law in the case of C. C. Hyatt against X. K. Stout, and that he was so employed by John H. Jones; but there was no evidence tending to prove that John H. Jones had any authority from the defendant N. N. Jones to make such employment. The action in which the plaintiff was then employed was one for the recovery of certain real estate. The defendant was not a party to the suit, and had no interest in the property involved in the controversy. Nor could it make any possible difference to him, which was adjudged to own the land, Hyatt, or Stout. It is true, the defendant had an interest in the legal questions involved in the controversy, for he had land which he held by a title almost precisely like the title by which Stout claimed the land in controversy. That is, the decision of the legal questions involved in the Stout case, might be used as precedents in the decisions of questions affecting the title to land which the defendant owned, not involved in the Hyatt-Stout controversy. But in no other way was the de-

36 —18 KAS.

fendant interested in the Hyatt-Stout controversy. The decision in the Stout case could not directly affect any of the defendant's legal rights; nor could the judgment to be rendered in that case be used as evidence for or against him. As the defendant was interested in the legal questions involved in the case, it would of course have been very proper for him, with the consent of Stout, to have employed counsel to assist Stout. But of course he could not employ counsel to assist Stout except with the consent of Stout. Stout had the absolute and exclusive right to control and manage the defense of that case, and the defendant had no right whatever in the case except with the consent of one of the parties. No inference can therefore be drawn from the mere fact that counsel were employed in the case, that the defendant employed them, or that he agreed to pay anything for their services. There is no room in such a case for implying or presuming a contract on the part of the defendant to pay any portion of the counsel-fees.

But returning to the question of the agency of John H. Jones. There was evidence showing that John H. Jones was an agent for the defendant N. N. Jones for the purpose of managing N. N. Jones' property in Doniphan county. There was a power-of-attorney introduced in evidence, showing that the defendant authorized John H. Jones "to donate to the state of Kansas all streets and alleys in the Normal addition to the town of Troy, in said state of Kansas; also to sell any lots or blocks in said Normal addition, and execute bonds for deeds; also to collect rents and other debts owing to me [N. N. Jones] in the state of Kansas." There was also evidence introduced showing that John H. Jones had the general management and control of the real estate of the defendant situated in Doniphan county; that he had previously purchased a portion of the same for the defendant; that he rented the same, and collected the rents therefrom, and paid the taxes thereon. But there was not a particle of evidence introduced or offered, that tended to show that any express authority was ever given by the defendant to John H. Jones

to employ an attorney in the Hyatt-Stout case, or indeed in any other case instituted prior to the determination of the Hyatt-Stout case; and the said John H. Jones never did employ an attorney for the defendant in any case prior to that time. Express authority however has since that time been given to said John H. Jones to employ a particular attorney for the defendant in this and one other case, upon certain express conditions, in both of which cases the defendant was a defendant, and directly interested in the subject-matter of the litigation. And there was no evidence introduced or offered tending to show that the defendant ever ratified the employment of the plaintiff in said Hyatt-Stout case. We would therefore think, that the plaintiff wholly failed to make out his case. A general authority given to manage the *defendant's property* can hardly be considered as an authority to employ counsel in a case concerning *some other person's property*. This general authority however was not given by any express words. It is merely inferred from the acts of the parties. The only express authority shown to have ever been given was that given by said power-of-attorney.

The judgment of the court below will be affirmed.

All the Justices concurring.