## HUNT v. ILLINOIS CENTRAL RAILROAD COMPANY.

[No. 20,360. Filed June 8, 1904.]

RAILROADS.—*Conductor.*—*Agency.*—*Emergency.*—Where in an action for the recovery for board and room rent of an injured employe of a railroad company, and board and room rent of his father, mother, wife and sister, who attended him, it is shown that such employe was injured at L., and upon his request was removed to S., six miles away; that said railway had competent surgeons and ample facilities for treating, nursing and taking care of such employe at L. and offered same, and no reason given for such change except that such employe had friends at S. and the conductor of the freight-train asked for the room for the injured person, the railway company never having ratified such request, there is no agency by necessity shown, and the railroad company is not liable. *p. 107.*

SAME.—The agency of a conductor to employ assistance in case of an emergency arises and expires by such necessity, and, being special, all persons dealing with such agent must know the extent of such agency at their peril. *p. 111.*

From Greene Circuit Court; *O. B. Harris*, Judge.

Action by Horatio Hunt against the Illinois Central Railroad Company. General verdict for plaintiff for $200, together with answers to interrogatories. Motion by appellee for judgment *non obstante veredicto* sustained. Plaintiff appeals. *Affirmed.*

*W. L. Slinkard* and *T. E. Slinkard*, for appellant.
*J. T. Hays* and *W. H. Hays*, for appellee.

GILLETT, J.—Appellant sued appellee to recover for the board and room rent of one Noel Slusser, an employe of appellee, who had been injured upon its road, during the time that he was confined to the house as the result of the

injury sustained by him and the operation which followed, and for the board and room rent of the father, mother, wife, and sister of said Slusser, who attended upon him as nurses at different periods during such time. The complaint was in three paragraphs. In each of the paragraphs the charge is that appellant was employed to perform such service by one James Borders, a freight conductor in the employ of appellee, and additional facts are charged relative to a claim of an emergency. There was a trial by jury, and a general verdict in favor of appellant. Upon answers returned by the jury to special interrogatories, the court rendered judgment in favor of appellee, notwithstanding the general verdict. The propriety of this ruling is here in question.

Reduced to narrative form, the findings of the jury are in substance as follows: March 25, 1901, Noel Slusser was, and for about five months immediately prior thereto had been, a brakeman on one of appellee's freight-trains, running in and out of Switz City. At the time of his injury hereinafter mentioned, and during all of the time aforesaid, Slusser boarded and roomed at appellant's hotel in Switz City. He had many friends and acquaintances in said town. On the day aforesaid, while acting as a brakeman on said train, one of his legs was crushed, necessitating amputation. He received said injury in the city of Linton. He was taken from there to Switz City, some six miles further east, at his request, and upon his assigned reason that he had friends and acquaintances there. He gave no other reason for his request. During all of the time that he was in Linton he was perfectly conscious. Linton was at that time a city of 3,000 inhabitants. It had a good hotel, skilful physicians and surgeons, and ample facilities for treating, boarding, and caring for Slusser while he was suffering from his injury. Appellee had a surgeon there on said day, who was competent to treat said injury, and appellee was on said day ready and willing to have said injury treated by said surgeon, so far as any immediate and

existing emergency required it.    Slusser would have been
left at Linton to be treated by Dr. Sherwood if he (Slusser)
had not requested to be taken to Switz City.    James Bor-
ders was the conductor of said train, and he and Dr. Sher-
wood accompanied Slusser to Switz City.    The latter did
not request to be taken to appellant's hotel.    The only au-
thority or employment ever given appellant was contained
in the following request made by said conductor of appel-
lant: "Can we get a room to put Slusser in?  He has had his
foot mashed, and will have to have it cut off.    The doctors
are here to do the work."    There was time and opportunity
after Slusser received his injury, and before he left Linton
on said day, for the conductor to telegraph to, and com-
municate with, the division superintendent and with the
general officers of said appellee; and during such time com-
munication was had between said conductor and appellee's
superintendent relating to said injury, but the jury do not
find further concerning such communication.    Other facts
are found which we incline to think cut off any possible
theory of a ratification of Borders' act, but in view of the
theory of each paragraph of the complaint that it was Bor-
ders, in his capacity as conductor, who made the contract,
we need not consider as to the possibility that the general
verdict might have been rendered as the result of evidence
showing a ratification.

The first and leading case upon the subject of the author-
ity of the conductor of a railroad train to employ surgical
aid in an emergency for an employe of the company who
has been injured by such train is *Terre Haute, etc., R. Co.
v. McMurray* (1884), 98 Ind. 358, 49 Am. Rep. 752.    So
far as concerns the questions as to the duty of the company
and the power of the conductor in such circumstances, the
decision mentioned foreclosed discussion in this court.    Our
duty in this case is but to determine whether a state of facts
has been presented which brings the case within the above
authority.    It was said on the petition for a rehearing in

that case: "We did not decide that a corporation was responsible generally for medical or surgical attention given to a sick or wounded servant; on the contrary, we were careful to limit our decision to surgical services rendered upon an urgent exigency, where immediate attention was demanded to save life or prevent great injury. We held that the liability arose with the emergency, and with it expired. We did hold that where the conductor was the highest representative of the corporation on the ground, and there was an emergency requiring immediate action, he was authorized to employ a surgeon to give such attention as the exigency of the occasion made imperiously necessary; but we did not hold that the conductor had a general authority to employ a surgeon where there was no emergency, or where there was a superior agent on the ground."

It was declared in *Louisville, etc., R. Co.* v. *McVay* (1884), 98 Ind. 391, 49 Am. Rep. 770, that the presumption was against the authority of a subordinate railroad employe to engage a hotel-keeper to care for and nurse a servant of the company who had been injured in its employ, there being no emergency demanding immediate action.

The complaint in the case of *Terre Haute, etc., R. Co.* v. *Brown* (1886), 107 Ind. 336, was for professional services rendered as an assistant to Dr. McMurray in performing the operation which gave rise to the case first above mentioned. In holding that the plaintiff in the Brown case could not recover, this court said: "The question is, can the judgment be maintained upon the facts stated? That it can not, is, in the view we take of the case, too clear for debate. If it be conceded that such an overwhelming emergency might arise as would create a necessity for immediate action in order to save life, or prevent great bodily suffering, and that under such circumstances a state of affairs might exist, in the presence of which one employe would have the implied power to bind the employer, in his absence, for necessary medical or surgical aid bestowed on another

employe who sustained an injury, it by no means follows that the appellee was entitled to recover upon the facts in this case. If the emergency was such that we must assume that an imperious necessity existed, under which the conductor, from considerations of humanity, had authority to employ Dr. McMurray, at the expense of the company, we can not indulge the further presumption that it was necessary that he should have the power to authorize Dr. McMurray to employ other surgeons at the company's expense." To the same general effect is *Louisville, etc., R. Co* v. *Smith* (1889), 121 Ind. 353, 6 L. R. A. 320.

In *Ohio, etc., R. Co.* v. *Early* (1894), 141 Ind. 73, 28 L. R. A. 546, there was an attempt to recover from the appellant therein on the ground that it had negligently failed to furnish medical and surgical assistance to one of its employes who had received a dangerous injury while in the line of his employment. It appeared from the evidence that temporary assistance had been given to the man at the place where the injury occurred. He was then placed upon a train to be conveyed to North Vernon, where preparations had been made to treat him. At his request, however, he was taken to Seymour, some fourteen miles beyond North Vernon, necessitating a delay at North Vernon of one hour, and on the run from North Vernon to Seymour of twenty-five minutes more. There appears to have been hemorrhage, as a result of the wound, during the delay, and shortly after his arrival at Seymour the man died from loss of blood. In discussing the question as to whether the company was liable, this court, after adverting to the duty of a railroad company with respect to furnishing medical or surgical aid in an emergency to an injured employe, said: "This duty does not clothe the master with the power to dictate to the injured servant what particular physician or surgeon shall treat him, nor does it deprive such injured servant of the right of making a conscious and deliberate choice while in the possession of his mental faculties, of

the time, place, and person by whom, when and where he will be treated. And if the master, yielding to such right, complies with the request to be so treated, and at the same time promptly places before him ample medical and surgical assistance, ready to be rendered to meet the emergency, which he declines, then such emergency has ceased, and the duty with it. And if the choice thus made in the conscious exercise of his own free will turns out to be a mistake, the company is not liable, because the duty ceased with the expiration of the emergency. * * * There is no shadow of evidence showing negligence at Butlerville on the appellant's part. The evidence shows, without contradiction, that the appellant had taken every precaution to have Early treated at North Vernon by proper medical and surgical skill, and that he declined it all except the brandy administered there by the physicians summoned in attendance by the appellant. There was no necessity or emergency after that, and, therefore, no legal duty resting on appellee afterwards to furnish medical or surgical aid. The evidence shows, without any conflict, that the appellant met the pressing emergency and urgent necessity at Butlerville, and discharged the duty thereby imposed, and conceding, without deciding, that such emergency continued till the injured servant was brought to North Vernon, the duty imposed by such emergency was fully met there, and there, at least, it expired."

We entertain no doubt as to the correctness of the ruling awarding judgment to appellant upon the jury's answers to interrogatories. If it were granted that an emergency existed while the injured employe was at Linton, yet this duty did not exist at the time the conductor requested appellant to furnish the room. Appellee was prepared to deal with the situation at Linton, so far as there was any pressing emergency; but the wounded man having been afterwards removed, at his own request, to the town where he had friends and acquaintances, and to his own home, so to speak,

it would be expanding the doctrine as to the power of the conductor to act in an emergency to an unwarranted extent to hold that he still had implied authority to contract for shelter and food·on behalf of such employe. We are not advised that appellee was in any way responsible for the injury which its brakeman sustained, and, if it were, its responsibility for any service not comprehended within an emergency is to such employe, to be recovered as a part of his damages.

As before pointed out, appellant relies in his complaint upon the authority of the conductor, as such, to bind the company. The agency of the conductor being special, appellant was required to know the extent of the conductor's authority. *Davis* v. *Talbot* (1893), 137 Ind. 235.

It seems hardly necessary to add that the claim for room rent and board furnished the injured man's nurses must also fail, for the same general reason heretofore assigned.

Judgment affirmed.