The Terre Haute and Indianapolis Railroad Company *v.* Stockwell.

Filed March 16, 1889.

No. 12,929.

THE TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY *v.* STOCKWELL.

RAILROAD.—*Conductor.*—*Employment of Physician.*—*Ratification by Company.*—Where a conductor, claiming to act as the agent of the railroad company, employs a physician to render professional aid to a stranger injured by collision with his train, telling the physician that he will leave the injured person in his care for treatment, and for him to send his bill to the superintendent of the road, and the company is notified of the employment, and permits the physician to go on and render services thereunder, it thereby ratifies the conductor's act, and is liable for services rendered until the patient is convalescent. MITCHELL, J., dissents.

EVIDENCE.—*Telegram.*—*Parol Evidence of Contents.*—Where it does not appear that a message given to a telegraph operator for transmission was in writing, it can not be held that parol evidence of the contents of the message was improperly admitted.

SAME.—*Harmless Error.*—There is no available error in admitting parol proof of the contents of a telegram where it is in evidence that the information contained therein was orally communicated by the sender of the message to the receiver.

From the Putnam Circuit Court.

*J. G. Williams, D. E. Williamson* and *A. Daggy,* for appellant.

*S. A. Hays,* for appellee.

The Terre Haute and Indianapolis Railroad Company v. Stockwell.

BERKSHIRE, J.—There are two errors assigned : 1st. The court erred in overruling the demurrer to the complaint. 2d. The court erred in overruling the motion for a new trial.

The complaint, in substance, alleges that, in the year 1884, the appellant, by its employees, operating and running a locomotive engine and train of cars over its railroad track, through Reelsville, a station on the line of its railroad, then and there ran said locomotive engine against one William McCray, and then and there and thereby seriously injured him by then and there causing a compound comminuted fracture of both bones in the left forearm, etc. ; that the injury was of a character so serious as to require immediate attention ; that the said station is many miles distant from the principal offices of the appellant, and from the residences of its principal officers, and that one John Trindle was the conductor in charge of said train, and, as the agent of the appellant, employed the appellee, who was a resident surgeon and physician of said station, to render professional services to the said McCray, and that he did, in accordance with said request and employment, render the said McCray surgical aid and attention from the — day of ——, 1884, to the — day of ——, 1885, and that his services and employment were made known to the company immediately after the accident, and it had full knowledge thereof; that the said services so rendered were of the value of $300 ; that the said conductor was the highest representative of the appellant and the superior officer present when the accident occurred and said employment made. A bill of particulars is filed with the complaint as a part of it.

We are of the opinion that the complaint stated a cause of action. It is not necessary that we determine whether or not, under the circumstances averred, the conductor as the agent of the company had authority by a simple employment to bind the company for the services rendered. It is shown that the injury occurred ; that the conductor, as the agent of the company, employed the appellee to render the ser-

The Terre Haute and Indianapolis Railroad Company *v.* Stockwell.

vices; that when the services were rendered the appellant had full knowledge of all the facts, and that the appellee was never discharged by the appellant. We are of the opinion that if the services were rendered under the employment as stated, and with a full knowledge of all the facts at or about the time of the accident or employment, and that the appellant permitted the appellee to go on and render services after it had acquired such knowledge, it thereby became liable for the services rendered; that is to say, if the company, having been informed of the accident, the employment of the appellee by its conductor, claiming to act as its agent, and that the appellee was acting under the employment, did not intend to hold itself responsible for the services rendered, it became and was its duty to so notify the appellee, and its failure to do so was a ratification of the employment as made by the conductor. *Terre Haute, etc., R. R. Co.* v. *McMurray,* 98 Ind. 358-364; *Toledo, etc., R. R. Co.* v. *Rodrigues,* 47 Ill. 188; *Toledo, etc., R. R. Co.* v. *Prince,* 50 Ill. 26; *Indianapolis, etc., R. R. Co.* v. *Morris,* 67 Ill. 295; *Cairo, etc., R. R. Co.* v. *Mohoney,* 82 Ill. 73; Beach Con. Neg., pp. 221-222.

The first reason for a new trial is, that the verdict is not sustained by sufficient evidence. The second reason is, that the verdict is contrary to law.

We may consider the two reasons together. The evidence establishes the facts of the accident, the employment by the conductor, that he was the superior officer present when the accident occurred, and that the appellee rendered the services sued for.

The agent of the appellant at the station where the accident occurred testified that on the same day, and soon thereafter, the conductor came into the office and sent telegrams, both to the general superintendent and general agent of the company, that the train of which the conductor had charge had struck a man, and broken one of his arms, and that he had left him in charge of Dr. Stockwell.

The conductor testified to having sent the telegrams as stated by the agent, and further, that when he arrived at St. Louis that evening he reported to the general superintendent that he had struck a man at Reelsville, and had employed a physician to dress his wounds.

On the 28th day of April, 1885, the appellee addressed a letter to the president of the company, stating the circumstances of the employment, the services he had rendered in a general way, and demanding payment therefor. We must conclude that this letter was duly received, for the appellant produced and introduced it in evidence on the trial.

There is no evidence tending to show that the appellant ever questioned or repudiated the employment as made by the conductor, not even after the receipt of the appellee's letter. From the evidence, the court trying the cause was fully justified in finding that the conductor's employment of the appellee to render the services was thereafter ratified and confirmed, and this rendered the appellant liable.

The third reason assigned for a new trial is, that the court erred in its assessment of the amount of damages, and the fourth reason is excessive damages assessed.

It is contended that the employment extended only to the dressing of the wound at the station, and that the after-services were not within the employment, and that the appellant is not liable therefor.

We are not of this opinion. The appellee testified that the conductor informed him that he would leave McCray in his care for treatment. Two other witnesses testified that the conductor said to the appellee that he would leave McCray in his care. The conductor testified that he called for a physician, and that the appellee spoke up and stated that he was one, and that he said to the appellee that he should dress McCray's wounds and send the bill to the general superintendent.

It is our opinion that the court was authorized by the evidence in finding that the employment given to the appellee, and its subsequent ratification, covered all services necessary

and proper which the appellee might render until the patient had become convalescent.

The letter of the appellee introduced in evidence fixed the value of the services at the same amount as found by the court. All the other evidence in the case on that subject placed the value much higher. We are therefore of the opinion that the appellant has no cause to complain of the amount of damages assessed.

The fifth and last reason for a new trial is, that the court erred in admitting the evidence of the witness Ford as to the contents of the telegrams sent by the conductor. It is a well settled rule of evidence that parol evidence can not be introduced of the contents of a written instrument until some excuse is shown for its absence. The objection to the introduction of the evidence was that the loss or destruction of the telegrams was not shown. The difficulty standing in the way of this objection is that it nowhere appears that the telegrams were in writing. If the conductor did not reduce the telegrams to writing, but gave them verbally to the operator, then what he said to the latter was an oral communication, and susceptible of parol proof. We know as a matter of fact that many telegrams are communicated and sent in the manner we have suggested, and we should not conclude without proof that the telegrams in question were given in writing to the operator who sent them. If the point should be made that they were reduced to writing at the receiving office, the answer would be that the court could not find that out without proof, for it is not impossible for both telegrams to have been delivered by word of mouth. The witness Ford does not testify that the telegrams were reduced to writing by the conductor. His evidence upon that subject is: "The conductor of the train, John Trindle, came to the office and sent a telegram; I don't think I have the telegram; I did not look for it, as I did not think it was necessary, as it is the custom of the office, after a certain length of time, to destroy the telegrams, and I think this one was

destroyed." The witness evidently had no recollection upon the subject, and simply gave his opinion and conclusion from what he knew to be the custom of his office in disposing of old telegrams.

But there is a further reason why there is no available error in the admission of the testimony. The conductor testified that he gave the information conveyed by the telegrams to the general superintendent, the same evening of the accident, after arriving at St. Louis, therefore the appellant was not injured because of the admission of the evidence objected to.

We see no error in the record, and are of the opinion that the judgment should be affirmed.

Judgment affirmed, with costs.

COFFEY, J., took no part in the decision of this case.

MITCHELL, J., does not concur in this opinion so far as it seems to hold that the conductor could bind the railroad company, by the employment of a physician, without some express authority to that end.

Filed March 16, 1889.