## Missouri, Kansas & Texas Railway Company of Texas
### v. L. E. Crum.

#### Decided April 27, 1904.

**·1.—Master and Servant—Knowledge of Defects—Risk Not Assumed.**
The servant though knowing that machinery was defective, as that the washout plug of a locomotive engine was leaky, did not assume the risk of danger not implied by such condition, such as injury from such plug blowing out.

**·2.—Injury—Pleading—Evidence.**
Where plaintiff's pleading stated the nature of the injuries to his person, it was not necessary to allege increased susceptibility to colds as resulting therefrom in order to admit evidence of a physician that such result was probable.

**3.—Evidence—Engineer's Report of Defects.**
A locomotive engineer could testify that he had entered a certain defect in a locomotive in a book kept by the railway for such reports, without notice given to the defendant company to produce such writing.

**.4.—Pleading—Evidence.**
Evidence that plaintiff jumped or fell from his engine in escaping from steam from a blown out plug was admissibble though the pleading alleged that he was blown from it by the escape of steam, such being proof of the substance of the issue.

Appeal from the District Court of Grayson. Tried below before Hon. J. M. Pearson.

*T. S. Miller, Head & Dillard,* and *A. L. Beaty,* for appellant.

*Wolfe, Hare & Maxey,* for appellee.

FISHER, Chief Justice.—This is an action for damages on account of personal injuries sustained by the plaintiff, resulting from the blowing out of the plug in the boiler on one of the appellant's locomotives, while he was in the performance of his duties as a fireman. Verdict and judgment was rendered in his favor for $5000.

The appellee's petition contains the following averments: That heretofore, to wit, on or about the 22d day of August, 1902, plaintiff was in the employ of said defendant as a fireman on one of its locomotives being operated in the yard in the city of Denison; that on said occasion, plaintiff received serious and permanent injuries on account of the negligence of the defendant; that said injuries were occasioned by reason of the fact that the locomotive steam pipes, plugs and cab of the same on which plaintiff was put to work were old, worn, out of repair and unfit for use in the following particulars: That a certain plug on the fireman's side of said engine, known as the washout plug, and located at a point somewhat beneath the deck or cab of said engine, was so out of repair, so defective and loose, old, worn and unfit for use, that the same, by reason of the pressure of the steam, blew or came out of its fastenings, and permitted the steam and hot water to escape from said locomotive and boiler in great quantities; and the same, by reason of the hole in the deck of said cab,

35 Civ—39

was thrown into said cab, onto, over and against plaintiff, to that he was blown from the cab of said engine to the ground, striking on the rails, iron or other substance, causing him serious and permanent injuries in his back, and scalding him from his wrists down to his feet; that plaintiff also at the time and in the same manner received serious injuries to his chest, abdomen and all internal organs thereof, as well as to his testicles, sight, hearing and nervous system, from which he has been caused to suffer mental anguish and physical pain, and on account of which he will suffer as long as may live; that his time has been wholly lost from the time of the accident to the present time, and his ability to labor and earn money in the future has been greatly lessened; that the defective condition of said engine, cab, steam pipes and washout plug heretofore enumerated was unknown to the plaintiff; that they were well known to the defendant, or by the exercise of ordinary care could have been known.

The defendant filed a general denial and general demurrer, and pleaded that plaintiff was guilty of contributory negligence, and that the injuries received resulted from the risks assumed by the plaintiff, and that the plaintiff had notice of the defect pleaded, which caused his injuries, or by the exercise of ordinary care could have known the same.

We find that the plaintiff at the time he was injured was in the employ of appellant as fireman, and was in the performance of his duties when injured. That the plug described and mentioned in his petition was defective and blew out, causing steam to escape and enter the cab, from which, in order to escape the same, the plaintiff jumped or fell to the ground and sustained some of the injuries alleged in his petition. That in permitting the plug to get in the condition alleged, the railway company was guilty of negligence. The plaintiff knew that the plug was leaking, and had some knowledge of its defective condition; but we find that there is evidence in the record which authorizes the conclusion that its defective condition was not of such a character that would necessarily imply danger, and that the plaintiff did not know that from the defect the plug would likely blow out, or that its condition at that time was dangerous. The facts as found in the record also authorize the conclusion that while the defect existed the danger that might result from the same was not apparent and obvious, or that it was of such a nature and character that a man so situated as was the plaintiff, with his knowledge, would be charged with notice of the danger. The evidence warrants the verdict as to the amount of damages sustained, and that the issues of assumed risk and contributory negligence were not established by the evidence.

There are assignments of errors complaining of the verdict and the charge of the court and the refusal to give requested instructions to the effect that the plaintiff was not entitled to recover, because by reason of his knowledge of the defect in the plug that blew out, he assumed

the risk of any danger that thereafter arose by reason of continuing in the performance of his duty as fireman.

As stated in our findings of fact, there is evidence to the effect that the defective condition of the plug was discovered before it blew out; but the evidence bearing upon this subject indicates that the defect was not of such a nature or character that implied that danger might result from its condition; and there is testimony to the effect that the plaintiff did not know of the danger that might arise from such defective condition. The engine at the time the plug blew out was in use by the railway company under the control of an engineer, who had reported and made an entry upon a book used in such cases the fact that the plug was leaking and defective.

A servant is not required, in all instances, to quit his master's service and refrain from the performance of duties for which he was employed merely upon discovering the existence of a defect, however slight, in the machinery or the appliances with which he is working; and we are of the opinion that this case comes within this rule. Defects might arise, and such is frequently the case, that merely indicate the existence of the defect, without its being of such a nature as would impart notice or knowledge to a man of ordinary prudence that danger might or would arise from its defective condition. If we assume that the plaintiff was not skilled in the use of the machinery and the appliances of the engine in question, or that from his experience as a fireman and the knowledge that he possessed of the engine and all of its parts, we can not in either instance, from the evidence in the record, reach the conclusion that the verdict of the jury did not correctly determine in his favor the fact that he did not know of the danger that might arise from the condition of the plug, or that the defect was of such a character as would impress him, with his knowledge and in his situation, that danger existed. Galveston H. & S. A. Ry. Co. v. Smith, 24 Texas Civ. App., 131, and cases there cited.

The charge complained of in appellant's fourth assignment of error was correct. It stated what we understand to be the law on the subject of assumed risk.

We are of the opinion that the charge of the court is not subject to the criticism directed against it by the seventh assignment of error. The court submitted the question of assumed risk, and also contributory negligence.

The evidence complained of in the eighth assignment of error was admissible. It was not necessary that the plaintiff should allege, as one of the conditions likely to result from his injuries, that his susceptibility to colds was increased. He pleaded the nature and character of his injuries, and it was proper for the physician to testify that as a result of such injuries he was subject and liable to colds.

The testimony complained in the ninth assignment of error was admissible. It was proper for the engineer Wren to state that he had made and entered in a book kept for that purpose an entry of the

defects in the engine. It was not necessary to introduce the book to establish this fact. The book was in the possession of the railway company, and it was the duty of the engineer to make such entries. The fact that he did make them could be testified to by him.

The tenth and eleventh assignments of error complain of the action of the court in refusing to exclude the evidence tending to show that the plaintiff jumped or fell from the engine to the ground. The objection to the evidence is predicated upon the proposition that the petition alleged that the plaintiff was blown from the cab. The substantial ground of negligence alleged is the defective condition of the plug. As one of the results, plaintiff in his petition stated that he was blown from the cab by the escape of steam. As an incident or result of the negligence plaintiff unnecessarily undertook to state his method of leaving the cab. The fact that he was blown from the cab as a result of the negligence, or that he fell from it or voluntarily left it by jumping, was attributable to the negligence complained of, which produced a result by the escape of steam that made it dangerous for him to remain in the cab. In Gulf C & S. F. Ry. Co. v. Johnson, 83 Texas, 631, the plaintiff alleged that he was thrown from the hand car by the derailment of it. The proof showed that as he was falling he jumped from the car in order to save himself. This was held to be a sufficient correspondence between the allegation and the proof. The injuries in the case cited sustained by the plaintiff were, in the main, the result of leaving or jumping from the car. Other cases upon this subject are cited in the opinion of the Supreme Court in the recent case of Hicks v. Railway Co., 96 Texas, 355, where a question analogous to that under consideration was discussed, and it was held that it was only necessary to establish the substance of the issue, and that averments of the character as stated by the plaintiff in this instance were not required to be strictly proven as alleged.

We find no error in the record and the judgment is affirmed.

*Affirmed.*

Writ of error refused October 13, 1904.