## COCKE et ux. v. HUMPHREYS & DAY.
### (No. 9925.)

Court of Civil Appeals of Texas. Dallas.
March 19, 1927.

Rehearing Denied April 23, 1927.

**1. Evidence ⊗⇒157(1)—Before evidence can be excluded as secondary, it must appear that there is in existence higher evidence and of what it consists.**

Before evidence can be excluded on ground that it is secondary, it must appear, either from nature of fact to be proven or by evidence introduced by objecting party, that there is in existence higher evidence and of what it consists.

**2. Evidence ⊗⇒157(1)—Evidence of oral decision in income tax proceeding held improperly excluded, where objecting party failed to show there was better evidence.**

Where defendants sought to show decision of board of attorneys in income tax proceeding by announcement of chairman in open session, and plaintiffs failed to sustain burden of proof of showing that there was in existence better evidence of decision and of what it consisted, court erred in excluding evidence as secondary.

On Motion for Rehearing.

**3. Evidence ⊗⇒314(1)—Evidence that witnesses heard chairman of board announce decision of income tax matter in open session was not hearsay.**

Where fact in controversy was whether board of attorneys announced in open session through their chairman that decision on income tax matter was adverse to defendants, and witnesses offered to testify to this fact as having taken place in their presence and within their hearing, such evidence was not hearsay, but original.

Error from District Court, Dallas County; E. E. Hurt, Special Judge.

Action by Humphreys & Day against A. A. Cocke and wife. Defendants bring error to review the judgment. Reversed and remanded.

Tom L. McCullough and A. A. Cocke, both of Dallas, for plaintiffs in error.

Winfrey & Lane, of Dallas, for defendants in error.

LOONEY, J. Humphreys & Day, attorneys of New York City, sued A. A. Cocke and wife to recover an attorney's fee for alleged services rendered in securing the abatement of a claim made by the United States government against them for income tax and penalties for the year 1921.

The government, through proper officials, assessed against defendants for the year 1921 an additional amount as income tax and imposed a penalty of 50 per cent., altogether amounting to something over $30,000, and filed notice of the assessment in the office of the county clerk of Dallas county, Tex., and in the office of the clerk of the United States District Court for the Northern District of Texas, at Dallas, thereby creating a lien against their nonexempt property.

Defendants insisted that the tax and penalty were unauthorized, and with the view of securing the abatement of same, and the release of their property from the lien, engaged the services of plaintiffs to represent them before the Bureau of Internal Revenue. The contract between the parties is in the form of a letter, addressed by plaintiffs to Mr. Cocke, and accepted by him, as follows:

"April 12, 1923.

"Mr. Arthur A. Cocke, 404 Andrews Building, Dallas, Texas—Dear Mr. Cocke: This will confirm the terms of our employment, under which we are to handle the question of additional assessment against you and Mrs. Cocke, levied by the Bureau of Internal Revenue for 1921, for which we are to receive as retainer the sum of $100.

"In view of the fact that the income item will be taxed in either 1921 or 1922, the question of a reduction of the tax liability thereon does not present a strong objection. However, we will defend the assessment of $5,479.83 which has been made against each of you on the basis of a reasonable fee, not to exceed an amount equal to 20 per cent. of the total amount we are able to have vacated and set aside. If we are able to defeat the government's allegation of fraud, and set aside both of these penalties, it will mean a saving of $10,959.66, which will be the basis of the computation of the fee.

"Owing to the fact that you are regularly practicing law, we further agree to reduce our fee to the extent of the usual forwarding percentage; that is, we will allow one-third to you and two-thirds to ourselves. Of course, it is understood and agreed that our fee will be due and payable when you receive the proper evidences from the bureau that the penalties have been vacated and set aside and the lien on your property discharged. You will be required to furnish a power of attorney to us, or such individual as we may designate, to handle any matters pertaining to your taxes in conference at Washington.

"Very truly yours,     Humphreys & Day.

"(Executed in duplicate.)

"Accepted this 12th day of April, 1923, by
         "[Signed] A. A. Cocke."

Subsequent to this employment, plaintiffs arranged with the bureau for a hearing, which was held on July 13 and 14, 1923, before a board of three attorneys, acting under the Solicitor for the Bureau of Internal Revenue, and at the hearing Mr. Humphreys, of Humphreys & Day, represented defendants. At the conclusion of this hearing no announcement was made by the board as to their decision, but Mr. Cocke left the hearing discouraged, and fearful that the decision would be adverse to him; so he sought the advice of other attorneys, Mr. Millard v. West of Washington, D. C., and his associate, Mr.

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

James W. Goode, of Chicago. Mr. West encouraged him to believe that he was right in his contention and ought to win. At this juncture, Mr. Cocke returned to his home at Dallas, and was later advised by Mr. West that he had arranged for a rehearing before the board for July 31, 1923; thereupon Mr. Cocke returned to Washington, and on this trip Mrs. Cocke accompanied him. On request the board postponed the rehearing until August 17th, at which time the matter was again presented, this time by Mr. Goode, representing the defendants.

No direct communication to defendants was made, announcing the result of the hearing; but on November 26, 1923, they received notice that the lien for the tax and penalties on their property had been released, and on April 12, 1924, were notified that their tax returns had been audited, and a mistake against them of an overassessment of $390 had been discovered, which amount was refunded to them by the government. Thus it appears that the additional tax and penalties assessed were abated, the lien on their property released, and the matter finally disposed of by the Bureau of Internal Revenue in defendants' favor.

Plaintiffs sued on the contract to recover two-thirds of 20 per cent. of the penalties remitted (the retainer of $100 having theretofore been paid), together with interest, on the theory that they won the case for defendants before the board of attorneys, securing the abatement of the tax and penalty and the release of their property from the lien. Defendants answered that the plaintiffs neglected the case and lost, that other attorneys had to be employed at an expense of $3,000, and that the case was ultimately won wholly through the efforts of the other attorneys.

This presented the dominant issue in regard to which the evidence was in irreconcilable conflict. In support of this contention defendants offered to testify that on July 31, 1923, subsequent to the hearing in which plaintiffs participated, Mr. Allen, chairman of the board that conducted the hearing for the Solicitor's Department, announced in open session that the decision of the board was adverse to the defendants, and that the prior findings and assessment made by the Commissioner were sustained.

This evidence was objected to by plaintiffs, and excluded by the court, on the ground that the written order or finding of the board constituted better evidence as to what was done than the oral statement of Mr. Allen. Defendants excepted to this ruling, and by proper assignments and propositions have brought up the question for review. The excluded evidence was relevant and material on the main issue of fact presented by the pleadings, and if erroneously excluded the case must be reversed. The board handling this matter seems to have acted informally, in a round-table discussion, and it does not appear but that their entire proceedings rested in parol.

[1] Before evidence can be excluded on the ground that it is secondary, it must appear, either from the nature of the fact to be proven or by evidence introduced by the objecting party, that there is in existence higher evidence and of what it consists. Sweet v. Birmingham, etc., 145 Ala. 667, 39 So. 767; Terre Haute, etc., v. Stockwell, 118 Ind. 98, 20 N. E. 650; Hadden v. Linville, 86 Md. 210, 38 A. 37, 900; 22 C. J. 977, § 1223c. This rule is stated in Corpus Juris, supra, as follows:

"Before evidence can be excluded on the ground that it is secondary, it must appear, either from the nature of the fact to be proven or by evidence introduced by the objecting party, that there is higher evidence in existence and of what that evidence consists."

[2] The burden of proof rested on plaintiffs to show there was in existence better evidence, and of what it consisted, as to the action of the board, and, having failed to do this, we are of the opinion that the court erred in excluding the evidence, for which the judgment will be reversed and the cause remanded. In view of another trial, we refrain from the expression of an opinion on any controverted issue of fact, or from any general discussion of the evidence.

Reversed and remanded.

### On Motion for Rehearing.

This case was reversed and remanded because of the error of the trial court as we judged the matter, in refusing to permit appellants to testify that Mr. Allen, chairman of the board of attorneys, acting under the Solicitor of the Internal Revenue Department, announced in open session of the board that its decision was adverse to appellants. The evidence was excluded on objection by appellees that there was better evidence as to the decision of the board. We held that the burden rested on appellees to show there was in existence higher evidence, and of what it consisted, and, having failed to discharge this burden, the court erred in excluding the evidence.

In their motion for rehearing appellees insist that the Treasury Department, in article 1006 of Regulations 62, relating to income tax, furnishes the procedure for such a hearing, and provides that the taxpayer shall receive notice of the decision by registered mail; that this is the only means provided by law for notice to the taxpayer, is the best evidence of the fact, and that this court must take judicial notice of the regulation. It is apparent that appellees have confused the provisions of article 1006 with those of article 1032 of the Regulations. Article 1006 provides for a hearing before the Income Tax Unit, where it is proposed, after due notice to the taxpayer, to assess against him an

additional tax. In such case the regulations provide that, the taxpayer shall be notified of the decision of the unit by registered mail. The hearing involved here, however, was under article 1032, to determine whether a tax and penalty illegally and erroneously assessed should be abated. The claim for abatement provided for in article 1032 is to the Commissioner of Internal Revenue, and not to the Income Tax Unit, and there is no provision for notice to the taxpayer of the decision.

[3] It is further contended that the evidence was properly excluded as hearsay. We do not agree to this contention. The very fact in controversy was whether the board of attorneys before whom the hearing was conducted announced in open session, through their chairman, that the decision of the matter was adverse to appellants. The witnesses offered to testify to this fact as having taken place in their presence and within their hearing. We are therefore of the opinion that the evidence was not hearsay but original. Besides this, the evidence was not objected to on the ground that it was hearsay, as is apparent from an inspection of the bill of exception taken to the action of the court below.

After a careful consideration of the motion for rehearing, we find no reason to disturb the decision heretofore rendered; therefore the motion is overruled.