### DISTRICT GRAND LODGE NO. 25, GRAND UNITED ORDER OF ODD FELLOWS OF AMERICA v. SCOTT.

#### No. 9502.

Court of Civil Appeals of Texas. San Antonio.

Jan. 16, 1935.

Rehearing Denied Feb. 13, 1935.

Carter Wesley, of Houston, for plaintiff in error.

Albert W. Searcy, J. M. Wilson, and Leslie L. Lentz, all of Corpus Christi, for defendant in error.

MURRAY, Justice.

■ Defendant in error, Charles Scott, instituted this suit in the county court of Kleberg county against plaintiff in error, Dis-

trict Grand Lodge No. 25, Grand United Order of Odd Fellows of America, and the Green River Lodge No. 10380, Grand United Order of Odd Fellows of America, seeking to recover damages resulting from an alleged cancellation of a life insurance policy which included sick benefit and burial expenses provisions. Plaintiff in error filed an answer but did not appear at the trial, which was before a jury and resulted in a judgment for Scott in the total sum of $1,201.50. No motion for a new trial was filed. There is no statement of facts in the record, and it is clear that the judgment should be affirmed, unless there is fundamental error apparent of record.

■ It is apparent of record that this judgment was composed, among other items, of one for attorney's fees in the sum of $250, and another in the sum of $42.12 as a penalty. These two items were allowed under the provisions of article 4831a, Vernon's Annotated Statutes (Acts 1931, 42d Leg. p. 71, c. 48, § 5a), which provides that a fraternal benefit society shall be liable for a penalty of 12 per cent. and reasonable attorney's fees, for failure to pay losses within sixty days after the demand therefor.

This article applies to losses under policies and was not intended to cover suits for damages involving the wrongful cancellation of a policy of insurance. The including of these two items in the judgment was error.

The judgment will be affirmed provided defendant in error shall within eight days after the rendition of this opinion file a remittitur of $292.12; otherwise the judgment will be reversed, and the cause remanded for a new trial.