## TEXAS & PAC. RY. CO. v. WILLIAMS.

No. 4921.

Court of Civil Appeals of Texas. Texarkana.

April 9, 1936.

Rehearing Denied April 30, 1936.

Jones & Jones, of Mineola, for appellant.
Jones & Jones, of Marshall, for appellee.

SELLERS, Justice.

T. L. Williams brought this suit against the Texas & Pacific Railway Company to recover for personal injuries sustained by him while working as a brakeman for the defendant. The case was tried to a jury and resulted in a verdict and judgment in favor of plaintiff for the sum of $9,000, from which judgment the defendant has appealed to this court.

The record comes to this court without a statement of facts. The errors assigned all relate to the rulings of the trial court in admitting certain evidence. The evidence and objections thereto are reflected by a number of bills of exception. After due consideration of all the assignments, this court is of the opinion that it is impossible to determine in the absence of a statement of facts whether the rulings

complained of present reversible error. With the record in this condition, there is nothing presented for our consideration. Giles v. Texas Employers' Ins. Ass'n (Tex. Civ.App.) 79 S.W.(2d) 931, and cases therein cited. The San Antonio Court of Civil Appeals in passing upon a similar question in the case of Treadwell v. Borchers et al., 289 S.W. 75, held:

"In his first and third propositions appellant complains of the admission of certain oral testimony, which need not be set out here. The admissibility of this testimony cannot be safely determined, in the absence of a statement of facts. It may have been cumulative of other testimony of like import; it may have been responsive to other testimony adduced by appellant; it may have been admissible by any number of circumstances not disclosed by the record; its admission, even if objectionable, may have been rendered harmless by the state of the case disclosed by other evidence. There is no way to determine these matters in the absence of a statement of facts. We overruled the first and third propositions."

The judgment of the trial court is affirmed.