## RUPPERT v. HERMLEIGH CO-OPERATIVE GIN & SUPPLY CO.

### No. 1943.

Court of Civil Appeals of Texas. Eastland.

Oct. 27, 1939.

C. F. Sentell, of Snyder, for appellant.

Mays & Perkins, of Sweetwater, for appellee.

FUNDERBURK, Justice.

George Ruppert brought this suit against Hermleigh Co-Operative Gin and Supply Company, to recover $127.17 as damages for the alleged conversion by the defendant of cotton and cotton seed upon which plaintiff claimed a landlord's lien. In a non-jury trial, after plaintiff had testified to the terms of the rental contract for the year 1937, as providing for payment of one-fourth of the cotton and cotton seed, the defendant, on cross examination, brought out the fact that for the year 1932 there was a written rental contract between the same parties covering the same premises. Then ensued the following:

"Q. And when did you [plaintiff] make the rental contract with him [the tenant] for the year 1933? A. Each year, we rented it from year to year.

"Q. Did you have a separate contract with him each year, or did he just hang over? A. After the first year, the first year it was written up and afterwards by verbal contract each year the same way as the written contract.

"Q. Would you go down and say 'Our contract for this year is the same as last year, same as the written contract?' A. Yes sir.

"Q. Where is your written contract? A. Either I have got it or Mr. Henry has got it at Hermleigh."

Thereupon, the court sustained an objection of defendant to any oral evidence of the terms of the rental contract (that is, the contract for 1937) and, upon motion of defendant, struck from the record all such testimony previously given; such actions based upon the theory that the written contract for the year 1932 was primary evidence and the testimony regarding the oral contract of 1937 was secondary evidence. The court, as shown by the trial judge's conclusions of fact and law duly filed, rendered judgment for defendant on the ground that, since the written contract was controlling and evidence of the oral contract had been excluded, there was no competent evidence to show that plaintiff had a lien on the cotton and cotton seed allegedly converted. The plaintiff appeals.

The contract for 1937 was oral. The fact that it adopted in whole or in part the provisions of a prior, and long expired, written contract between the same parties, did not make it any the less an oral contract. The provisions of the former written contract in themselves were proof of nothing material to the issues in the case. Any effect thereof was wholly dependent upon the verbal adoption. The writing was in no sense the primary evidence of the provisions of the verbal contract, the only function thereof being somewhat analogous to written memoranda of the provisions of an oral contract. 22 C.J. p. 985, sec. 1227; Callen v. Collins, Tex.Civ.App., 135 S.W. 651; Missouri, K. & T. Ry. Co. v. Crum, 35 Tex.Civ.App. 609, 81 S.W. 72.

In our opinion, the best evidence rule had no application. The testimony of the plaintiff, given upon his direct examination, concerned only an oral contract. One provision of that contract was the promise of the tenant to pay as rent one-fourth of the cotton and cotton seed raised. There was nothing in the nature of such fact to suggest that there was any higher evidence of its existence. Through cross questioning it was developed that in 1932 there was a written contract between the same parties and covering the same premises as the oral contract of 1937 and that

the oral contract of 1937 (as had similar intervening contracts for each of the years 1933 to 1936, inclusive) adopted the provisions of said former written contract. Such adoption did not, however, convert the written provisions into a written contract. The only evidence of the existence of a contract for the year 1937 rested in parol. The written provisions of the contract of 1932 were no evidence of the existence of such a rental contract for the year 1937 and if evidentiary of the terms of such contract, once the fact of its existence was established, was so only upon admission or proof of the adoption thereof as provisions of the oral contract. It is plain to be seen, therefore, we think, that the evidence of the existence of the contract and the said particular provision thereof, did not suggest the existence of any higher degree of evidence; and the facts concerning the prior written contract, as developed upon the cross examination, were not such as to make it appear that such provisions constituted any higher evidence, or, if so, that same were material, relevant or competent to prove the fact, or would more satisfactorily explain and establish the fact in issue than would the evidence offered. The applicable rule is stated thus: "Before evidence can be excluded on the ground that it is secondary it must appear either from the nature of the fact to be proved or by evidence introduced by the objecting party that there is higher evidence in existence and of what that evidence consists; that it is material, relevant and competent to prove the fact; and that if produced it would more satisfactorily explain and establish the fact than the evidence offered." 22 C.J. 977, sec. 1223. In Cocke v. Humphreys & Day, Tex.Civ.App., 293 S.W. 892, 893, to the same effect, Judge Looney said: "Before evidence can be excluded on the ground that it is secondary, it must appear, either from the nature of the fact to be proven or by evidence introduced by the objecting party, that there is higher evidence in existence and of what that evidence consists."

Where, as here, the fact in issue is the existence of a landlord's lien as dependent upon an oral rental contract, a provision of which being the promise of the tenant to pay as rent one-fourth of the cotton and cotton seed, it is difficult to imagine any higher or better evidence of such facts than the testimony of a party to the oral contract.

The contents of the written contract did not form the foundation of the cause of action asserted by plaintiff, nor of any defense asserted by defendant. A simple reading of the pleadings discloses such to be the fact. As applicable to such state of facts, the law is that "Evidence relating to a matter which does not form the foundation of the cause of action or defense but is collateral to the issue does not properly fall within the best evidence rule, and although secondary in its character, cannot be excluded on the ground that primary evidence is obtainable." 22 C.J. p. 978, sec. 1224. Enlarging upon the same subject, this authority says "It is generally held that the best evidence rule does not apply to writings collateral to the issue. So, where the execution or existence of a writing, as distinct from its contents, does not form the foundation of the action, although it is material to the controversy, and where the purpose of the evidence is not to maintain or destroy any right involved in the action, the production of the writing is not required, but its execution and existence may be proved by parol. Upon the same principle where the contents of a writing are not directly in issue the matters contained in the writing may be proved by parol evidence without accounting for the failure to produce the writing, and a fortiori the subject of documents which are not the foundation of the action may be proved by parol." 22 C.J. p. 1015, sec. 1300. As supporting different statements in the text as above quoted, the following Texas cases are cited: Howard v. Britton, 71 Tex. 286, 9 S.W. 73; Philadelphia, etc., Agency v. Brown, Tex.Civ. App., 151 S.W. 899; International & G. N. Ry. Co. v. Lynch, Tex.Civ.App., 99 S.W. 160; Missouri, K. & T. Ry. Co. v. Johnson, Tex.Civ.App., 193 S.W. 728; Larrabee v. Porter, Tex.Civ.App., 166 S.W. 395; Dalhart Real Estate Agency v. LeMaster, 62 Tex.Civ.App. 579, 132 S.W. 860; Callaghan v. McGown, Tex.Civ.App., 90 S. W. 319; Gooch v. Addison, 13 Tex.Civ. App. 76, 35 S.W. 83; see also, Monk v. Danna, Tex.Civ.App., 110 S.W.2d 84.

It being our conclusion that the judgment of the court below should be reversed and the cause remanded, it is accordingly so ordered.