### RACHFORD v. STEWART TITLE GUARANTY CO.

#### No. 3976.

Court of Civil Appeals of Texas. Beaumont.
March 19, 1942.

Rehearing Denied April 8, 1942.

Geo. A. Weller and H. C. Keen, both of Beaumont, for appellant.

Albert J. DeLange, of Houston, for appellee.

WALKER, Chief Justice.

On July 30, 1929, East Texas Title Guaranty Company, a corporation, and appellant, James H. Rachford, as lessors, and appellee, Stewart Title Guaranty Company, as lessee, entered into the following written contract:

"Lessors hereby lease to lessee, and its assigns that one certain abstract and title plant, including all books, furniture, safes and other paraphernalia in connection with said title plant, now owned and operated by Lessors in the City of Beaumont, Jefferson County, Texas, for a period of ten years, beginning August 1, 1929, and ending July 31, 1939, on the following terms and conditions:

"That Lessee is to pay to Lessors a monthly rental therefor of Three Hundred and No/100 ($300.00) Dollars payable in advance on the first day of each and every calendar month thereafter, for the full term of this lease, beginning on the first day of August, 1929.

"At the expiration of said ten years the Lessee is to surrender said Abstract and Title Plant to the said Lessors in its present condition, ordinary and reasonable wear and tear being allowed. * * *

"In consideration of Lessee paying the rent herein stipulated Lessors agree that they will not engage in the abstract either directly or by becoming interested in or employed by a corporation, partnership or other association or title business in Jefferson County, Texas, for the full period and term of this lease, and said Lessors covenant and agree with said Lessee, and its representations, that in consideration of its paying the rent as aforesaid, and complying with all covenants herein contained on its part, shall peaceably hold and enjoy the hereinbefore mentioned and leases title and abstract plant, without hindrance or interruption of the said Lessors.

"Lessors, in consideration of the payment of the rent hereinbefore specified, give to Lessee an option to purchase said title plant hereinbefore mentioned and described for a consideration of $50,000.00 the Lessee to have the right to exercise this option on or before the expiration of this Lease.

"It is understood that should Lessee exercise the option to purchase plant, then this lease to expire and no more rent to be due hereunder."

Subsequently, by charter amendments, East Texas Title Investigation Company succeeded to all the propery rights of East Texas Title Guaranty Company. On the 2nd day of August, 1930, under the provisions of Article 7091, R.C.S. 1925, the right of East Texas Title Investigation Company to do business was forfeited for nonpayment of franchise taxes. On the 11th day of July, 1929, East Texas Title Guaranty Company, joined by appellant, executed to appellee a chattel mortgage on all the property covered by the lease contract, with power of sale, and to secure an indebtedness of $15,000 due by the mortgagors to appellee. The mortgagors defaulted in the payment of their indebtedness to the mortgagee, appellee herein. On the 11th day of December, 1939, appellee mailed notice to its mortgagors, received by them on the 12th day of July, 1939, of its intention to sell on the 21st day of December, 1939, the property covered by its mortgage, and on that date appellee made the sale and bought in the property.

This action was brought by appellant for himself, and as trustee for the stockholders of East Texas Title Investigation Company, against appellee for conversion of the property covered by the mortgage and the lease contract, and prayed for the damages suffered by him, proximately resulting from the conversion. Appellee answered by pleas in abatement, demurrers, general denial, and by special plea its rights under its foreclosure sale, and its right, "under the terms of its chattel mortgage * * * to retain possession of said plant, whether or not the sale under the chattel mortgage is effective, until full payment of the promissory note in the sum of Fifteen Thousand ($15,000) Dollars referred to in plaintiff's pleading and more particularly hereinafter set forth, together with interest and attorney's fees thereon; that no part has been paid or tendered by plaintiff, or any other party, and that this defendant has full right of possession of said abstract plant and mortgaged property." The cause was submitted to the jury on the special issue, as follows:

"Special Issue No. 1.

"What do you find from a preponderance of the evidence was the reasonable actual value, if any, on December 21, 1939, of said abstract and title plant described in the chattel mortgage in evidence?"

The verdict of the jury was: "To Special Issue No. 1, we answer $15,000.00

(Fifteen Thousand)." On the verdict, judgment was entered in favor of appellee against appellant for the balance due on the indebtedness plead by it against him, after allowing him due credit for the $15,000 damages assessed by the jury, and all other items established in his favor against appellee, in the sum of $2,095, from which he has perfected his appeal to this court without a statement of facts. Our statement is from the transcript alone.

In explanation of the following condition of the lease contract, "At the expiration of said ten years the Lessee is to surrender said Abstract and Title Plant to the said Lessor in its present condition, ordinary and reasonable wear and tear being allowed," appellant plead as follows:

"For further and additional cause of action, plaintiff would represent and show to the Court that on July 11, 1929, when it delivered said abstract plant under the terms of the lease hereinbefore mentioned to the Stewart Title Guaranty Company, said abstract plant was up to date and there was also delivered a card index to said abstract plant and system. That during the ten years of said lease contract, the defendant, Stewart Title Guaranty Company kept said card index and abstract and title plant up to date. Said lease contract provides that at the expiration of ten years the lessee is to surrender said abstract and title plant to said lessors in its present condition, ordinary and reasonable wear and tear being allowed. It is the practice, custom and common understanding in Beaumont, Jefferson County, Texas, and other cities in Texas generally, and in the abstract business generally, in Texas, that the term "abstract and title plant" as is generally understood means a complete abstract of title plant kept up to date, including indexes, plat records and other matters pertaining to lands located in the county where said abstract plant is located. Plaintiffs plead that the term "abstract plant" as used in said contract and generally understood means said plant as it existed upon the expiration of said contract and included therein all additions thereto which had been made during the period of said lease."

And plaintiffs further alleged that the defendant (appellee) prior to said attempted foreclosure, refused to include any and all additions made to said plant during the period July 11, 1929, to the expiration of said lease, contending that under the terms of said lease contract, it was only required to surrender the plant as it existed on July 11, 1929, without additions thereto and without maintaining same up to date. That said defendant, since the expiration of said lease contract, has asserted and is asserting title to said card indexes and other additions to said abstract plant and that by reason of said fact, defendant has converted same to its own use.

The court sustained appellee's special exceptions to appellant's allegations in explanation of the lease contract on the grounds that the lease contract was not ambiguous, and that parol evidence was not admissible to show the intent of the parties in its execution. By his first point, appellant assigns error against the court's ruling sustaining this special exception.

 The court correctly sustained appellee's exceptions to appellant's special plea. Clearly, appellant by his special plea attempted to vary the terms of the written lease, by his allegations that appellee as lessee was required to surrender the plant in 1939, brought down to date, as against the stipulations of the contract, executed in 1929, that it was to be delivered "in its present condition, ordinary and reasonable wear and tear being allowed." Appellee was not obligated by the lease contract nor by the mortgage to keep the abstract plant up to date, nor to make to it any additions or betterments; there was no allegation of any agreement except as stated in the mortgage and in the lease contract. By the lease, appellant delivered the abstract plant to appellee as it was owned and operated by him at that time. At the expiration of ten years, appellee was bound to surrender the abstract plant to appellant "in its present condition, ordinary and reasonable wear and tear being allowed"; that is, in its condition as of the date of the contract, July 11, 1929. By his special plea appellant attempted to relate the time element, "in its present condition," to July 11, 1939, as against the express language of the contract of July 11, 1929. Had the language, "in its present condition," related to July 11, 1939, then the additional language "ordinary and reasonable wear and tear being allowed" would have been meaningless. The written lease contract and the chattel mortgage were so worded that the court could give them a certain, definite legal meaning or interpretation. In Lewis v. East Texas Finance Co., 136 Tex. 149, 146 S.W.2d 977, 980, our Supreme Court said, Judge Critz writing the opinion:

"If a written contract is so worded that it can be given a certain or definite legal meaning or interpretation, it is not ambiguous. It follows that parol evidence is not admissible to render a contract ambiguous, which, on its face, is capable of being given a definite certain legal meaning. This rule obtains even to the extent of prohibiting proof of circumstances surrounding the transaction when the instrument involved, by its terms, plainly and clearly discloses the intention of the parties, or is so worded that it is not fairly susceptible of more than one legal meaning or construction. Anderson & Kerr Drilling Co. v. Bruhlmeyer, 134 Tex. 574, 136 S.W.2d 800, 127 A.L.R. 1217."

Appellant contends that parol evidence was admissible for the purpose of applying the lease contract to the subject matter with which it dealt, and when so applied it should be said, on the facts alleged in his special plea, that the contract was ambiguous. Therefore, appellant says that proof of the facts and circumstances alleged by him, under which the contract was executed, should have been received in evidence in order to construe the contract to effectuate the intent of the parties. The rule invoked by appellant is thus stated in Murphy v. Dilworth, Tex.Sup., 151 S.W.2d 1004, 1005: "In other words, if the meaning of the language used in a written contract becomes uncertain when an attempt is made to apply it to the subject matter of the contract, though not otherwise uncertain, parol evidence is permissible to aid in making the application." The rule invoked by appellant has no application to the facts of this case for the reason that the language of the lease contract can be given a certain and definite meaning and interpretation.

Appellant's second point is that the court erred in receiving in evidence certain deeds, chattel mortgages, and other instruments recorded in the office of the county clerk of Jefferson County, which had not been filed by appellee and notice given as provided by Art. 3726, R.C.S.1925, Vernon's Ann.Civ.St. art. 3726. Appellee offered this evidence on the issue of the value of appellant's abstract plant on the date it received delivery from appellant under the lease contract; these instruments were duly recorded in the deed records and in the other records of Jefferson County, but were not reflected by the abstract plant. As stated above, no statement of facts is in the record. Appellant's bill of exception to the admission of this evidence does not show that it was the only evidence on the issue; it does not show that similar evidence was not introduced by appellant himself. The bill shows appellant's objection that the instrument had not been proved in the manner required by law, but the bill does not recite that the objection correctly reflected the facts. In the absence of a statement of facts, we must presume that other evidence conclusively proved the issue on which these instruments were received. Lindsey v. Caston, Tex. Civ.App., 118 S.W.2d 843; District Grand Lodge v. Scott, Tex.Civ.App., 78 S.W.2d 702; Texas & P. Ry. Co. v. Williams, Tex. Civ.App., 94 S.W.2d 813; Uvalde Construction Co. v. Joiner, 132 Tex. 593, 126 S.W. 2d 22. Again, the instruments objected to by appellant were not received in evidence on the issue of title; they were received simply on the issue of the value of the abstract plant. No issue of title was before the court. The instruments objected to were offered simply to prove collateral facts and were therefore admissible. 17 Tex.Jur. 488; Ruppert v. Hermleigh Cooperative Gin & Supply Co., Tex.Civ.App., 133 S.W.2d 305; Monk v. Danna, Tex. Civ.App., 110 S.W.2d 84; International & G. N. Ry. Co. v. Lynch, Tex.Civ.App., 99 S.W. 160; Longenecker v. Ward County Water Improvement Dist., Tex.Civ.App., 8 S.W.2d 306, 307; Bridgeport Mach. Co. v. Geers, Tex.Civ.App., 36 S.W.2d 1047; Dooley v. McEwing, 8 Tex. 306; Shanks v. Robertson, 101 Kan. 463, 168 P. 316, 1 A. L.R. 1143.

The court received in evidence, over appellant's objection, testimony to the effect that appellant on or about December 17, 1939, after notice of foreclosure sale had been posted, offered to sell his abstract plant to appellee for $1,000 cash and the cancellation of the indebtedness secured by the mortgage. Appellant objected to this testimony "as an offer of compromise." Without a statement of facts, we must presume that the evidence properly received by the court established the issue that the value of the abstract plant did not at any time exceed $15,000. There is no showing before us that appellant in his testimony claimed any greater value than $15,000. The bill of exception does not establish appellant's basic fact that appellant's offer of settlement was made as a part of a compromise settlement. As an independent

fact, the testimony was admissible. Bush v. Gaffney, Tex.Civ.App., 84 S.W.2d 759; Miller v. Dyess, Tex.Sup., 151 S.W.2d 186, 137 A.L.R. 578; Magnolia Petroleum Co. v. Owen, Tex.Civ.App., 101 S.W.2d 354, 355.

The judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.